*620
 
 Ruffin, C. J.
 

 Most of the
 
 objections!
 
 are untenable in themselves. But without considering them in detail, there are some general considerations, which apply to them all and shovr-that they cannot detract from the defendant’s title. It is not necessary to go back further than our own statutes, to find a general jurisdiction vest* ed in the Courts of Equity of this State to dispose of the land, as well as the chattels, of infants, for their benefit. Those Courts were constituted in 1782, with all the powers and authorities of the Court of Chancery. By the act of 1762, the powers of the Court of Chancery, as to orphans’ estates, are expressly saved. Then, the act of 1827, after reciting that doubts had been entertained, whether any Court could direct a sale to be made by guardians of the real and personal estates of their infant wards, except in certain cases specified in two previous acts, and that the best Ínteres:-,» of infants sometimes demand, that stick sales should be made in cases, to which, those acts did not extend, enacts, by way of rerriedy therefor, that on the application of a guardian by bill.or. petition, setting forth facts, which, if true, show that the interest of the infant would be materially promoted by the sale of any part' of the infant’s estate, real or personal, the Court of Equity shall cause the truth of the facts to be ascertained, and may thereupon decree, that a sale be made by such per* son, in such way, and on such terms, as the Court in its wisdom shall adjudge. Then follow, in the next section, provisions, that the sale shall not be deemed valid, until it shall be ratified by the Court; and that the Court shall designate the person to make the title to the purchaser, and that no conveyance shall be made until the Court shall order it — with a provision also for investing the pro* ceeds of a sale. A jurisdiction over any subject could not be more extensive than thát of the Court of Equity, as confessed or recognised by the statutes quoted. If it were before doubtful, the Act of 1827 thus confers upon the
 
 *621
 
 highest equitable tribunal, known to our law, full power to order the sale of the estates of infants, provided only that the Court shall think it for the interest of the infant in any way wnatever, as to pay debts, for partition, or more convenient management, or to produce greater profit, or any other purpose deemed beneficial by the Court. In the exercise of that power the acts of the Court are, therefore, not to be regarded as those of a Court, not possessing a general jurisdiction over a subject, but only a special one to proceed on a particular subject for certain specified purposes and in a particular way. The cases of
 
 Harris
 
 v.
 
 Richardson, 4
 
 Dev. 279, and
 
 Leary
 
 v.
 
 Fletcher,
 
 1 Ire. 259, are contrasted examples of the difference between such general and special jurisdictions, touching the very point now under consideration ; namely, the-powers of the Court of Equity and the County Court to authorise a guardian to sell his ward’s personal property (over which those Courts have a general jurisdiction,) and the special authority of the County Court to order a sale of the infant’s land under the act of 1789 That distinction is further illustrated by the case of
 
 Jennings
 
 v.
 
 Strafford,
 
 1 Ire. 404 ; in which, also, the general rule is recognised, that the judgment or decree of a Court, having general jurisdiction over a subject matter, subsisting unreversed, must be respected, and sustains all things done under it, notwithstanding any irregularity in the course of the proceedings, or error in the decision. Supposing, therefore, that there may have been irregularities or even error in the Court of Equity, still the decree cannot be questioned in a Court of law for such causes, It is not for another Court to arraign the decree, or the orders confirming the sale and for the conveyance to the defendant, upon such grounds, as that the guardian was not appointed by the proper Court, or that there was not due advertisement or competent evidence of it, or that the interest of the infant was not promoted by the sale of
 
 *622
 
 the land, or that for any other reason it was not a proper case for a sale,or that the decree did not find the facts» which showed the sale to be beneficia!. For, all those matters were necessarily the subjects of consideration for the Court of Equity, and must have been passed on in the cause, before the decree or order could have been made. Having been judicially decided, it cannot be averred, that they were not duly and rightly decided. It would be monstrous, if the title of a purchaser under the decree — who paid his money to the Court, and got his deed from the Court, as it were — could be impeached upon any such grounds. Therefore, all the objections must fail upon the principles mentioned, unless it be those which insist on intrinsic defects in the decree or orders, as not being in themselves sufficient to authorise a sale of the premises in dispute and the conveyance to the defendant.
 

 The Court cannot suppose, that the petition and decree did not describe the land more particularly than “as the lands of the deceased debtor lying in Moore Countyfor no respectable counsel would draw7 pleadings nor the Court decree in such terms. It was probably thus stated by the witness, because, after the destruction of the papers, they were unable to repeat the particular words or do more than give the substance. But, if it were otherwise, the decree, though less precise than usual, would not be so very vague as to be ineffectual, when taken in connexion with the subsequent proceedings. It would then be as particular as a
 
 fieri facias
 
 on a judgment against heirs, which runs against the lands descended from the debtor; and they are identified by the sale and sheriff’s deed. Here any defect, as to the certainty of the land, is cured by the report of the master of the sales of the several parcels, and their ratification, and the order, of the Court to the Master to convey this particular tract to the defendant. So it appears, that there could not be
 
 *623
 
 a mistake as to the identity of the land intended and ordered to be sold, and that actually sold.
 

 Cases were cited at the bar, in which tiie Court of Equity has refused to allow another person to be substituted for the purchaser reported ; and it was thence inferred, that the deed was not properly made to the defendant. Those cases seem to have been all proper, and this Court agrees, that, as a matter of wholesome practice, such a substitution ought not to be allowed before the payment of the purchase money, nor, perhaps, without looking to the rights, even, of third persons' as against the' first purchaser: which is the whole extent of those cases. But although under those circumstances it may be against the course of the Court of Equity to discharge one bidder and take another, yet there is nothing in those cases intimating the idea of a defect of power to do so. In this in* s'a'ice it was done by the express ieave ofthe Court, af ter the payment of the whole price, and an order was made for a conveyance to the substitute : and that is conclusive.
 

 It is competent to the legislature to direct the mode of, transferring the legal title upon a judicial sale under a decree, as it is on one under execution at law. It was very meet that some mode should be provided, as the decree itself only constituted an equitable title, and conveyances could not commonly be got from the owners by reason of their disability. It is at, present, the province of the Clerk and Master
 
 virtute officii.
 
 But at the period of this transaction it was not. The act of 1827, however, is express, that a convejmnce shall be made to the purchaser, when the Court shall order it, and by the person who shall be designated by the Court. It is certain, then, that the estate at law was intended to be transferred by a deed, to be executed under the direction of the Court; and, in this case, the deed was thus executed, and, consequently, it passed the title to the defendant.
 

 Per Curiam, Judgment aiRrined,