GREENSBORO BANK AND TRUST CO. v. B. S. ROYSTER ET AL.

(Filed 26 October, 1927.)

**1. Equity—Judgments—Findings of Fact.**

In a bill in equity the facts of the controversy should be made to appear on appeal.

APPEAL by Greensboro Bank & Trust Company from *Devin, J.,* at Chambers, 2 April, 1927. From GRANVILLE.

*A. W. Graham & Son for Morton and Watkins, purchasers.*
*Hester & Rooker for appellants.*

PER CURIAM. This was a motion in the cause made by S. V. Morton and R. C. Watkins to have the interest on the unpaid part of the purchase price of land remitted after 25 March, 1925. The purchasers alleged that the Greensboro Bank & Trust Company as commissioners sold them certain lands in Granville County, known as the Pitchford

land, at the price of $9,103.18; that the terms of sale were 15% cash, 10% additional upon confirmation of the sale, and 75% in three equal annual installments with interest at 6%—the purchasers to have the privilege of making payment at an earlier date; that they had made the initial payment of 25% ($2,275.80); that on 25 March, 1925, they notified the bank's attorney that they had the money on deposit to pay the remainder due and that they would not pay interest after that date. The deed was tendered them 10 January, 1927. The purchasers contended that they were liable for $6,827.38 with interest only from 25 March, 1925.

An answer was filed in which the material allegations upon which the motion was based were denied. It was adjudged that the commissioner execute and deliver a deed to the purchasers upon their paying the balance of the purchase money with interest thereon after 25 March, 1925. The commissioner excepted and appealed.

The record comprises the allegations upon which the purchasers based their motion and the answer thereto; and upon this record it was ordered that the interest be remitted as prayed.

The judgment does not contain such findings of fact as are necessary to a final determination of the controversy. In equitable matters in which this Court has a right to find the facts it may do so even if they have not been found by the lower court; but the record presents only matters of law and the facts should be set out in the judgment. We therefore remand the cause without decision in order that all the facts in reference to the negotiations between the purchasers and the commissioner may be found and embodied in the judgment. *Bradley v. Jones,* 76 N. C., 204; *Weil v. Everett,* 83 N. C., 685; *Pearce v. Elwell,* 116 N. C., 595.

Remanded.