MARY CONNALLY COXE ET AL. v. CHARLES STORES COMPANY.

(Filed 29 March, 1939.)

**1. Guardian and Ward § 17b—**

The provisions of C. S., 2172, constitute limitations upon the discretionary power of guardians in leasing their wards' real estate, and the statute does not preclude guardians from leasing realty belonging to the wards for a period extending beyond the minority of the wards with the approval and under the orders of a court of general equity jurisdiction.

**2. Same—Superior Courts in their equity jurisdiction have plenary power to order lease of wards' estates beyond period of their minority.**

Since the Superior Courts in proper instances have authority to order a sale of infants' real estate and to order and approve execution of a mortgage on same by the guardian for a period exceeding the minority of the wards, C. S., 2180, such statutory power, together with the inherent jurisdiction of courts of equity over the estates of infants give courts of equity plenary jurisdiction to order and empower a guardian to execute a lease on the real estate belonging to his wards for a period exceeding the guardianship or the minority of the wards, upon its finding that such would be to the best interest of the infant wards.

**3. Infants § 1—**

The Superior Courts of the State in their equity jurisdiction have inherent authority over the property of infants, since they stand *in loco parentis* and have the same jurisdiction in this respect as that of the English High Courts of Chancery.

Appeal by defendant from *Pless, J.,* at Chambers, 6 March, 1939, of Buncombe.

Controversy without action submitted on agreed statement of facts, an abridgment of which follows:

1. The plaintiffs who are twin sisters, eighteen years of age, and represented herein by their duly appointed guardians, are the owners of a lot and large store building in the city of Asheville, situate at No. 11 Patton Avenue.

2. The premises are now and have been since 1 November, 1926, under lease to the defendant, which lease will expire 31 October, 1941.

3. The parties desire to make extensive improvements and repairs to the property and to substitute a new rental contract for the present one, the new lease to run for a period of ten years from 1 January, 1939. That such a lease is customary, and the manner of renting essential, due to the size and location of the property and the attendant circumstances.

4. It is found as a fact that the new lease "is just, fair and reasonable, and as advantageous to the said petitioners, Mary Connally and Francis Rebecca Coxe, and to each of them, as could be obtained for said land and building." And further, "it will materially promote the best interests of the infant petitioners" if their guardians are permitted to make the repairs agreed upon and to execute the new lease on behalf of their wards, and to cancel the present lease upon the premises.

5. The character of the property is such that a failure in the present negotiations may reasonably be expected to result in irreparable injury to the petitioners.

6. The infant petitioners are familiar with the terms of the proposed lease and have filed affidavits approving it and requesting the court to grant the relief asked for in the petition.

The court being of opinion that C. S., 2172, was intended as a restriction upon the power of guardians and not as a limitation upon the power of the court, granted the prayer of the petition and approved the lease after finding that it was clearly to the best interests of the infant petitioners.

The defendant appeals, questioning the authority of the court to approve the lease for a longer period than the current year in which the infant petitioners shall become of age.

*Harkins, Van Winkle & Walton for plaintiffs, appellees.*
*Henderson & Henderson for defendant, appellant.*

Stacy, C. J. The question for decision is whether guardians may lease the real property of their infant wards for a period extending beyond the guardianship or the minority of the wards with the approval of a court of general equity jurisdiction. While the question appears to be one of first impression in this jurisdiction, from all the reasoning in our decisions on the subject, its proper solution would seem to be involved in no serious doubt.

It is conceded that under C. S., 2172, the guardians, without the court's approval, would have no authority to lease the premises for a term in excess of the current year in which the infant wards shall become of age. In the absence of statutory authority, a guardian cannot overreach his time so as to bind the ward. *Melton v. McKesson,* 35 N. C., 475; *Van Doren,* 5 N. J. L., 460, 8 Am. Dec., 615; 12 R. C. L., 1126.

By the express terms of the statute, guardians are permitted to lease the lands of their infant wards "for a term not exceeding the end of the current year in which the infant shall become of age, or die in nonage. But no guardian, without leave of the clerk of the Superior Court, shall lease any land of his ward without impeachment of waste, or for a term of more than three years, unless at a rent not less than three per centum on the assessed taxable value of the land."

The enactment would seem to be a limitation upon the discretionary powers of guardians, and not upon the authority of a court of chancery having supervision and oversight over their conduct. The matter intended to be regulated was not the abuse of power by the court, but by guardians when not acting under the restraint of its orders. *Barcello v. Hapgood,* 118 N. C., 712, 24 S. E., 124.

The Superior Courts of this State, by statute, C. S., 2180, and in the exercise of their chancery jurisdiction, have ample authority to order the sale or mortgage of the real estate of infants, upon application of

their guardians showing that the interests of the wards would be materially promoted thereby, *Watson v. Watson,* 56 N. C., 400; *Ex parte Dodd,* 62 N. C., 97; *Rowland v. Thompson,* 73 N. C., 504, and we think it must be held upon authority, as well as upon reason, that the power to order sales and mortgages includes the lesser power to approve leases where it clearly appears that such would be to the best interests of the infant wards. Annotation 1916F L. R. A., 499. It is observed that while formerly a guardian was not permitted to mortgage his ward's property for a term of years "exceeding the minority of the ward," this limitation was stricken out by ch. 67, Public Laws 1923, and the term was made dependent upon the decree of the court. C. S., 2180.

Granting the power of a court of equity to dispose of the fee in a minor's real estate when it appears that such is manifestly to his interest, it would seem to follow as a necessary corollary that the disposition of a lesser estate upon the same ground might equally be sanctioned by the court. *Ricardi v. Gaboury,* 115 Tenn., 484, 89 S. W., 98. The general jurisdiction of the court over the property of infants, aided by the statutes on the subject, would appear to be sufficient to confer the authority. *Springs v. Scott,* 132 N. C., 548, 44 S. E., 116. Indeed, the court stands *in loco parentis* to infants and it may change their estates from realty into personalty, and from personalty into realty, whenever it deems such a proceeding most beneficial to the infant. C. S., 2181; *Latta v. Trustees,* 213 N. C., 462, 196 S. E., 862; *Reynolds v. Reynolds,* 208 N. C., 578, 182 S. E., 341.

Speaking generally to the subject in *Bank v. Alexander,* 188 N. C., 667, 125 S. E., 385, *Adams, J.,* delivering the opinion of the Court, said: "It is unquestionable that courts of equity have general jurisdiction over the property of infants and that infancy alone is sufficient to sustain the right of supervision. The jurisdiction in all cases is complete and may be exercised in order to afford relief wherever it may be necessary to preserve and protect the estates and interests of those who are under age. The petition states facts and circumstances which invoke the jurisdiction of a court of equity to preserve the corpus of the estate and in this way to work out what the decree adjudges to be the best interests of the infant defendants. 3 Story's Eq. Jurisprudence, 14 ed., sec. 1742 *et seq.;* 10 R. C. L., 340, sec. 89; 31 C. J., 1035, sec. 97; *Morris v. Gentry,* 89 N. C., 248; *Tate v. Mott,* 96 N. C., 19."

In the case of *Cecil v. Salisbury,* 2 Vern., 224, the English High Court of Chancery (1691) declared: "This court hath often decreed building leases for *sixty* years of infants' estates, where for their benefit." And this was said without reference to any enabling statute or act of Parliament. *Cabin Valley Mining Co. v. Hall,* 53 Okla., 760, 155 Pac., 570, L. R. A., 1916F, 493; *Ricardi v. Gaboury, supra. Cf.*

*Beauchamp v. Bertig,* 90 Ark., 351, 119 S. W., 75, 23 L. R. A. (N. S.), 659.

It has been held in a number of cases that our Superior Courts are endowed with authority equal to that of the English High Court of Chancery in dealing with the property of infants. *Williams v. Harrington,* 33 N. C., 616; *Sutton v. Schonwald,* 86 N. C., 198; *Morris v. Gentry,* 89 N. C., 252; *Tate v. Mott,* 96 N. C., 19, 2 S. E., 176; *Harriss v. Richardson,* 15 N. C., 279.

The judgment of the Superior Court will be upheld.

Affirmed.