WACHOVIA BANK & TRUST COMPANY, EXECUTOR OF THE ESTATE OF H. C. BUCHAN, JR., DECEASED, AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF H. C. BUCHAN, JR., v. MRS. RUTH LOWE BUCHAN, INDIVIDUALLY, AND MRS. RUTH LOWE BUCHAN, GENERAL GUARDIAN FOR MARY ELIZABETH BUCHAN, A MINOR.

(Filed 12 January, 1962.)

**1. Appeal and Error § 21—**

A sole exception to the judgment presents the question whether error of law appears on the face of the record, which includes whether the facts found by the trial court are sufficient to support the judgment.

**2. Infants § 1—**

The Superior Court has authority in its equity jurisdiction to protect the rights of infants, and will exercise this jurisdiction whenever necessary to preserve and protect the estate and interest of those who are underage.

**3. Infants §§ 5, 6—**

Neither the next friend nor guardian *ad litem* of an infant can consent to a judgment involving the interest of the infant without investigation and approval by the court.

**4. Trusts § 3—**

A trust which imposes duties upon the trustee in regard to the management and investment of the trust estate and the payment of the income therefrom to beneficiaries for an indefinite time, is an active trust.

**5. Executors and Administrators § 31—**

Where a will sets up an active trust for the benefit of the widow, the minor child of testator, and contingent beneficiaries, and the widow files a dissent, which is opposed by the trustee on the ground that the widow received more than half the estate and was not, therefore, entitled to dis-

sent, a settlement under which the widow withdraws her dissent upon the payment of a specified sum is not a family settlement, there being no agreement on the part of the guardian for the child, and possible contingent beneficiaries not being parties and agreeing thereto.

**6. Same—**

A family settlement of an active testamentary trust will not be approved unless some exigency or emergency growing out of the trust itself or directly affecting the *corpus* thereof arises which makes action by the court indispensable to the preservation of the trust, and such settlement will not be approved unless the rights of infants and contingent beneficiaries are represented and protected.

**7. Same— Findings held insufficient to support conclusion that settlement between widow and trustee would be advantageous to infant beneficiary and contingent beneficiaries.**

The will in suit set up one testamentary trust for the widow, with contingent limitation over to testator's child and others, and set up another trust for the benefit of the child, with contingent limitations over, with further provision that all estate taxes should be paid out of the *corpus* of the child's trust. The widow filed a dissent, and the widow and trustee thereafter agreed that the widow should withdraw the dissent upon the payment of a specified sum to her. There were no definite findings as to how much the estate taxes would be if the provisions of the will were carried out or as to the amount of these taxes if the widow's dissent should prevail. *Held:* The findings are insufficient to determine whether the proposed settlement will adequately protect the vested trust estate of the infant, and judgment directing the guardian *ad litem* of the infant to consent to the agreement is vacated and the cause remanded for specific findings of fact necessary to support a judgment.

**8. Same—**

Contingent beneficiaries of a testamentary trust must be made parties and their rights protected in an action seeking the approval of the court of a family settlement of the estate, and the Supreme Court, in the exercise of its supervisory powers will direct *ex mero motu* that a guardian *ad litem* be appointed to represent their contingent interests.

**9. Appeal and Error §§ 50, 55—**

Even though the Supreme Court has the right to review the evidence and find facts on appeal in a proceeding in equity, where there is not sufficient evidence in the record to enable the Court to safely and adequately find a material fact, the cause will be remanded for specific findings necessary to support a judgment.

APPEAL by T. E. Story, Guardian *ad litem* of Mary Elizabeth Buchan, a minor, from *McConnell, S.J.,* August 1961 Mixed Term of WILKES.

Suit for approval of a proposed settlement between Wachovia Bank and Trust Company, as executor and trustee of the will of H. C.

Buchan, Jr., deceased, and his widow, Ruth Lowe Buchan, respecting the administration of a trust estate created by the will.

H. C. Buchan, Jr., a resident of Wilkes County, died testate on 22 October 1960. He left him surviving a widow, Ruth Lowe Buchan, and one child of the marriage, Mary Elizabeth Buchan, a girl eleven years old living with her mother in Wilkes County.

This is a summary of the relevant provisions of the last will and testament of H. C. Buchan, Jr., deceased, which has no codicil, except when quoted:

Article II directs that all estate and inheritance taxes, and other taxes in the general nature thereof which shall become payable by reason of his death with respect to property passing under his will, or with respect to other property included in his gross estate for the purpose of such taxes, shall be paid out of the principal of his residuary estate remaining after satisfaction of all payments, bequests, and devises provided for by Article I, which provides for the payment of all of his just debts, funeral expenses, and a suitable marker for his grave out of the funds of his estate, and Articles II, III, and IV of his will.

Article III bequeaths all tangible personal property owned by him at his death, except such property customarily used in connection with his business and farming operations at the time of his death, to his wife, Ruth Lowe Buchan.

Article IV bequeaths and devises one-half of the residue and remainder of his estate remaining after the payments directed under Article I, and after the satisfaction of the bequest under Article III, "and before the satisfaction of or provision for any estate or inheritance taxes which shall become due or payable by reason of my death to Wachovia Bank and Trust Company in trust for the uses and purposes hereinafter set forth, and I direct that such one-half of the said residue and remainder of my property and estate shall be held in trust and administered for the benefit of my wife, Ruth Lowe Buchan, upon the following terms and provisions:"

One. During his wife's life all the income derived from this trust shall be paid to her in monthly or quarterly installments.

Two. The trustee is given absolute power, and its judgment in this respect shall be conclusive, to pay to his wife a part or all of the entire principal of the trust as it in its discretion shall from time to time deem requisite or desirable to meet the reasonable needs of his wife in her station in life.

Three. So much of the principal of this trust as shall remain in the hands of the trustee at the time of his wife's death shall be delivered, discharged of the trust, to such appointee or appointees of his wife in

such amounts or proportions and upon such terms as his wife shall appoint and direct in an effective will or codicil executed by her after the death of H. C. Buchan, Jr., and specifically referring to this power. If this power of appointment shall not be effectually exercised as to all or any of such principal, so much of the principal as shall not have been disposed of by such power of appointment, shall be added to and administered in accordance with the provisions of the trust hereinafter created for the benefit of his daughter, Mary Elizabeth Buchan, if such trust shall then be in existence; or, if such trust to his daughter shall have been theretofore terminated in full, the said principal shall thereupon vest in and be conveyed to his daughter's then living issue *per stirpes,* subject to the provisions of Article VI of his will; or, if such trust shall have been terminated in full, and if none of the issue of his daughter shall then be living, the said principal shall be delivered, discharged of the trust, to the then living person or persons who shall then be entitled to take his personal property under the intestacy laws then in effect in North Carolina, as if he had died intestate on the date of his wife's death.

Four. His wife is empowered to disclaim all or any portion of that part of his estate referred to in Article IV as his wife's share, and his trustee is authorized and directed to join in any such disclaimer, if his trustee shall deem its joinder necessary or desirable under the law to make his wife's disclaimer fully effective. Any portion of his estate so disclaimed shall pass as a part of his residuary estate.

Five. None of his wife's share shall be used for the payment of any estate, inheritance, transfer, succession, legacy, or similar taxes, which shall become payable by reason of his death, except to the extent that all other properties of his general estate shall be insufficient for the payment of such taxes.

Six. If any conflict shall arise between the provisions of Article IV and any other provision of his will, the provisions of Article IV shall control.

Article V bequeaths and devises all the residue and remainder of his estate (after satisfaction of or provision for all payments, devises and bequests provided for in the preceding parts of his will, and after satisfaction of or provision for all death taxes due by reason of his death) to Wachovia Bank and Trust Company in trust for the benefit of his daughter, Mary Elizabeth Buchan, upon the following terms and provisions:

One. The net income derived from the trust for his daughter shall be paid to her or applied for her benefit in such manner and in such amounts as his trustee in its sole discretion shall deem requisite or desirable for her suitable support and education until she shall attain the

age of thirty years. So much of the income as shall not be so paid or applied shall accumulate in the hands of his trustee and be added to the principal of the trust for his daughter. Upon her attaining the age of thirty years, the entire net income derived from the trust for her benefit shall be paid to her in monthly or quarterly installments so long as she lives.

Two. If in the judgment of his trustee the income payable to his daughter, supplemented by income available to her from other sources, shall not be sufficient to meet the reasonable needs of his daughter in her station in life, as to all of which the judgment of his trustee shall be conclusive, then his trustee is authorized to pay to his daughter so much of the principal of the trust as his trustee in its sole discretion shall deem requisite or desirable to meet the reasonable needs of his daughter.

Three. Provision is made for the payment of parts of the trust to his daughter upon her attaining the age of thirty years, and upon her attaining the age of forty years, and in the event, in the judgment of the trustee, his daughter is not qualified to use and conserve the principal of a portion of the trust estate provided for her, the trustee is authorized to withhold the conveyance of all or any portion of the principal and to pay her the income. This is an elaborate provision, and a detailed summary of its provisions is not necessary to determine this appeal.

Four. So much of the principal of the trust estate provided for his daughter as shall remain in the hands of his trustee at the time of her death shall be delivered, discharged of the trust, to such appointee or appointees of his daughter as his daughter shall appoint and direct in an effective will or codicil executed by her after her father's death, and specifically referring to this power, provided, however, that she cannot exercise this power "in favor of herself, her estate, her creditors, or the creditors of her estate." So much of the principal of the trust for her benefit as shall not have been disposed of by the effective exercise of the power of appointment, shall thereupon vest in and be conveyed to the living issue *per stirpes* of his daughter, Mary Elizabeth Buchan, subject to the provisions of Article VI of his will; or, if his daughter shall leave no issue surviving her, the said properties shall, upon his daughter's death, be added to and administered as a part of the trust created for his wife, if his wife shall then be living; or, if neither his wife nor any issue of his daughter shall survive his daughter, the said properties shall, upon the death of his daughter, be conveyed to the then living person or persons who shall then be entitled to take his personal property under the laws of intestacy then

in effect in North Carolina—as if he had died intestate on the date of his daughter's death.

Article VI provides that the trustee shall hold in trust any funds and properties constituting a part of his estate which may vest among the issue of his daughter who shall be under twenty-one years of age at the time of vesting upon certain terms and conditions and for a certain period of time. The details of this elaborate article are not relevant here.

Article VII appoints Wachovia Bank and Trust Company executor of his will and defines the powers granted it acting in its capacity as executor or trustee.

The will of H. C. Buchan, Jr., was duly probated in common form, and Wachovia Bank and Trust Company duly qualified as executor of the last will and testament of H. C. Buchan, Jr., deceased, and letters of administration were duly issued to it. Ruth Lowe Buchan was duly appointed, and duly qualified as general guardian of her daughter, Mary Elizabeth Buchan.

On 2 March 1961 Ruth Lowe Buchan filed a written dissent to the will of her husband upon the alleged ground that under his will, "and including such property as might pass under the will and that property passing in any manner outside the will" as a result of her husband's death, she did not receive one-half or more in value of all of his property passing by reason of his death; that she has a right to dissent "by reason of General Statutes of North Carolina 30-1, and subsequent sections of Chapter 30"; that she files this dissent in person, and in lieu of taking under the will "elects to treat said will as a nullity and to take an intestate share of the estate of H. Carl Buchan, Jr."

Wachovia Bank and Trust Company filed what it terms an answer to the widow's dissent averring that she has no right to dissent to the will on the ground that she received under her husband's will one-half of his estate, which is not subject to the payment of any estate, inheritance, transfer, succession, legacy, or similar taxes, and in addition further alleging, on information and belief, that she has received proceeds from insurance policies on her husband's life in the amount of over $400,000.00.

Ruth Lowe Buchan filed a reply to the answer of Wachovia Bank and Trust Company to her dissent alleging in elaborate detail the grounds set forth in her dissent, and averring that she has received proceeds from insurance policies on her husband's life in the sum of $354,308.91, that she paid a substantial amount on the premiums, and that on one policy in the amount of $50,000.00 the insurance company has refused payment. In her reply she further alleges, on information

and belief, that the gross estate of her husband will exceed $4,000,-
000.00 before taxes, not including any insurance proceeds received by
her, tangible personal property, or real estate passing to her by oper-
ation of law.

While Ruth Lowe Buchan's dissent was pending negotiations were
initiated between Wachovia Bank and Trust Company, as executor
and trustee of the will of H. C. Buchan, Jr., and his widow, Ruth
Lowe Buchan, to compromise her dissent, and a tentative settlement
was agreed upon. As a result of which the present action was instituted
to get the advice and consent of the court, pursuant to its general
equity jurisdiction, to what the parties term a family settlement.

At the July Mixed Term 1961 Judge McConnell finding as a fact
that in the present suit there may be an inconsistency or conflict be-
tween the interest of Ruth Lowe Buchan individually and the interest
of her ward, Mary Elizabeth Buchan, and that it is just and proper
that the ward should be represented by some completely disinterested
person who could adequately protect the ward's interests, upon petition
of Wachovia Bank and Trust Company, executor and trustee, and
with the consent of Ruth Lowe Buchan, general guardian of her daugh-
ter, appointed T. E. Story, a reputable member of the Wilkes County
Bar, guardian *ad litem* of Mary Elizabeth Buchan in this proceeding.
T. E. Story, guardian *ad litem* was made a party defendant, and filed
an answer in this suit and in the dissent proceeding. Mary Elizabeth
Buchan was also made a party to the suit.

When the suit came on to be heard by Judge McConnell all parties
waived a jury trial. It appears that the only evidence presented to the
court was the pleadings, the will, the instruments in respect to the
appointment of T. E. Story guardian *ad litem* of Mary Elizabeth
Buchan, and an affidavit of E. D. Beach, a certified public accountant,
in respect to the computation of inheritance and estate taxes on the
estate of H. C. Buchan, Jr., deceased, whether the terms of the will
are carried out in full or whether the widow's dissent becomes effective,
attached to the answer of T. E. Story, guardian *ad litem* in the dissent
proceeding, and also oral testimony by Ruth Lowe Buchan, as stated
in the judgment of Judge McConnell. These are the relevant findings
of fact summarized as made by the judge, except when quoted, omit-
ting findings of fact setting forth what we have stated above:

Plaintiff requests the advice and direction of the court relative to a
proposed compromise settlement of Ruth Lowe Buchan's dissent pro-
ceeding to the will of H. C. Buchan, Jr. The proposed settlement is that
Wachovia Bank and Trust Company, in its capacity as trustee, will
pay to Ruth Lowe Buchan from the *corpus* of funds held by it in trust
for the benefit of Ruth Lowe Buchan under Article IV of the will of

H. C. Buchan, Jr., the sum of $400,000.00. An integral part of the proposed compromise settlement involves the withdrawal, by consent of all the parties, of Ruth Lowe Buchan's dissent to the will.

An issue has been drawn between the parties as to the statutory right of Ruth Lowe Buchan to dissent from her husband's will. The Wachovia Bank and Trust Company and Ruth Lowe Buchan do not desire to accept the hazards and expenses incident to the trial of the issues raised in her dissent proceeding to her husband's will, and desire amicably to settle and compromise all matters in controversy between them in the dissent proceeding on the terms above set forth.

The guardian *ad litem* indicated to the court "that in the event said compromise settlement is consummated and the litigation terminated, the minor will suffer a contingent loss of approximately $493,400.00, this loss being contingent upon said litigation being continued to a conclusion and the widow being successful in her effort to dissent from the will."

"(16) That in the event said dissent proceeding is terminated in favor of the widow and she is successful in dissenting from the will, then the minor's trust under the will of her father will be increased by at least $493,400; that this Court further finds that the minor, Mary Elizabeth Buchan, does not now have any vested interest in this sum of at least $493,400.00, and that such interest as she has, if any, is based upon a contingency, to wit, the outcome of doubtful litigation; that this Court further finds as a fact that the proposed compromise settlement will not alter or diminish the interest bequeathed to the minor, Mary Elizabeth Buchan, under the will of her father; that said proposed compromise settlement will and does operate to carry out the intent of the testator with respect to said minor as contained in the will of the said deceased, H. Carl Buchan, Jr.; that the amount of $493,400.00 set out in this paragraph is predicated upon a net estate of $5,000,000.00; that in the event said net estate should exceed $5,000,000.00, this amount would be increased in proportion to the amount of the increase in the net estate. The net estate of H. Carl Buchan, Jr. is at least $5,000,000.00.

"(17) The minor, Mary Elizabeth Buchan, is the only child of H. Carl Buchan, Jr. and of the widow, Ruth Lowe Buchan, and that she is the only child born of the union between Ruth Lowe Buchan and the deceased, H. Carl Buchan, Jr.; that the minor, Mary Elizabeth Buchan, is twelve years of age and she lives and resides in the home of her mother and has so resided all of her life; that she will in all probability continue to be a member of

the family circle composed of her and her mother until she is emancipated; that it is the opinion of this Court and this Court so finds that the proposed compromise settlement will, insofar as it applies to said minor and said widow, prevent any possible family dissension regarding this matter now or in the future and will tend now and in the future to strengthen and hold the family affection between the mother and the daughter; that this judgment is in the nature of a family settlement and is made for the sake of family harmony both for the present and for the future; that said proposed compromise settlement authorized by this judgment will further operate to bring to an end and settle further litigation which would prove vexatious, expensive and hazardous to all parties.

"(18) That this Court has carefully considered the terms of the proposed compromise settlement and the terms of this judgment and the Court has carefully considered and heard all evidence pertaining to this judgment and to said settlement, documentary and otherwise, and has weighed said evidence especially in light of the manner in which it pertains and affects the minor, Mary Elizabeth Buchan; that after a careful consideration of the pleadings, all the evidence and facts pertaining to said compromise settlement and to this judgment and after a careful and deliberate consideration of all the evidence, both documentary and otherwise. as the same affects said minor, this Court is of the opinion and so holds and finds as a fact that this judgment and said proposed compromise settlement are to the best and lasting interest of said minor child, Mary Elizabeth Buchan, and that the same is fair, reasonable and proper considering all the circumstances.

"(19) All of the parties hereto, except T. E. Story, guardian *ad litem*, have consented to a proposed judgment to be entered in the dissent proceeding, a copy of which is attached hereto and incorporated herein by reference, under the terms of which Ruth Lowe Buchan, the widow of H. Carl Buchan, Jr., will withdraw her dissent and by which Wachovia Bank and Trust Company, Trustee under the Will of H. Carl Buchan, Jr., will pay to Ruth Lowe Buchan from the trust created for her benefit under Article IV of said will the sum of $400,000.00. T. E. Story, guardian *ad litem*, has declined to consent to said judgment in the dissent proceeding without a final judgment in this proceeding authorizing and directing him to do so.

"(20) All parties to this action, except T. E. Story, guardian *ad litem* for Mary Elizabeth Buchan, have consented to this judgment and have indicated their consent by their signatures hereto."

Based on its findings of fact the court entered judgment as follows:

Wachovia Bank and Trust Company, as executor and trustee, under the will of H. C. Buchan, Jr., deceased, is authorized and directed to consent to the proposed judgment to be entered in the dissent proceeding, and to do all things necessary to consummate the proposed compromise settlement. T. E. Story, guardian *ad litem* of Mary Elizabeth Buchan, is authorized and directed to do likewise. "The Wachovia Bank and Trust Company, in its capacity as Trustee under the Will of H. Carl Buchan, Jr., is authorized, empowered and directed to pay to Ruth Lowe Buchan, individually, the sum of $400,000, which amount shall be paid from the corpus of the trust for the benefit of the said Ruth Lowe Buchan under Article IV of the Will of H. Carl Buchan, Jr., and that no part of said payment of $400,000 shall be paid from the trust for the benefit of Mary Elizabeth Buchan created by the will of her father, H. Carl Buchan, Jr., nor from any other sums to which the said Mary Elizabeth Buchan may be entitled under said will, and Wachovia Bank and Trust Company, Trustee, is further authorized to do all other things necessary, convenient or proper in connection with the payment of said $400,000.00."

The Wachovia Bank and Trust Company, Trustee under the will, is taxed with the costs of this suit, and is directed to pay such costs from the funds held by it as trustee for the benefit of Ruth Lowe Buchan under Article IV of the will of H. C. Buchan, Jr., Wachovia Bank and Trust Company and Ruth Lowe Buchan, and their counsel, consented in writing to the judgment.

T. E. Story, guardian *ad litem* of Mary Elizabeth Buchan, excepted to the judgment rendered, and appealed to the Supreme Court.

*T. E. Story, Guardian Ad Litem of Mary Elizabeth Buchan, and Attorney for defendant appellant.*

*W. G. Mitchell, Attorney for defendant appellee, Ruth Lowe Buchan.*

*McElwee & Hall, By W. H. McElwee, Attorney for plaintiff, Wachovia Bank & Trust Company, appellee.*

PARKER, J.   The appellant, T. E. Story, guardian *ad litem* of Mary Elizabeth Buchan, has only one exception in the record, and that is to the judgment. This exception raises the question whether any error of law appears on the face of the record proper. This includes the question whether the facts found by Judge McConnell are sufficient to support the judgment. *Moore v. Owens*, 255 N.C. 336, 121 S.E. 2d 540; *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d 486.

The testamentary trusts created by the will of H. C. Buchan, Jr., for his wife and infant daughter, with contingent interests for possible

issue of his daughter, and for his heirs at law under the intestacy laws of North Carolina, if his daughter does not exercise the power of appointment vested in her by Article V(4) of her father's will and dies without issue surviving her, and also with contingent interests for his wife and daughter, are the subject matter of the agreement between Wachovia Bank and Trust Company, trustee of these trusts, and his widow, Ruth Lowe Buchan.

When a testamentary trust is the subject matter of the agreement, there are material limitations upon its application, which are clearly set forth in *Carter v. Kempton,* 233 N.C. 1, 62 S.E. 2d 713, and in *Redwine v. Clodfelter,* 226 N.C. 366, 38 S.E. 2d 203.

Among these limitations set forth in the *Carter* case are these:

"(2) The rule that the law looks with favor upon family agreements does not prevail when the rights of infants are involved. A court of equity looks with a jealous eye on a contract that materially affects the rights of infants. Their welfare is the guiding star in determining its reasonableness and validity.

"(3) A court of equity will not modify or permit the modification of a trust on technical objections merely because its terms are objectionable to interested parties or their welfare will be served thereby. It must be made to appear that some exigency, contingency, or emergency has arisen which makes the action of the court indispensable to the preservation of the trust and the protection of infants.

". . . (5) The exigency, contingency, or emergency necessary to invite the intervention of the courts must relate to and grow out of the trust itself or directly affect the *corpus* thereof or the income therefrom."

The superior court of North Carolina in its equity jurisdiction has inherent authority over the property of infants, since it stands in *loco parentis,* and has the same jurisdiction in this respect as that of the English High Courts of Chancery. *Coxe v. Charles Stores Co.,* 215 N.C. 380, 1 S.E. 2d 848. "It is unquestionable that courts of equity have general jurisdiction over the property of infants and that infancy alone is sufficient to sustain the right of supervision. The jurisdiction in all cases is complete and may be exercised in order to afford relief wherever it may be necessary to preserve and protect the estates and interests of those who are underage." *Bank v. Alexander,* 188 N.C. 667, 125 S.E. 385.

"It is well settled in this jurisdiction, at least, that in the case of infant parties, the next friend, guardian *ad litem,* or guardian cannot consent to a judgment against the infant, without an investigation and approval by the court." *Butler v. Winston,* 223 N.C. 421, 27 S.E. 2d 124.

The theory of the trial below was "that this judgment is in the nature of a family settlement." The trusts created by the will are active trusts. *Fuller v. Hedgpeth,* 239 N.C. 370, 80 S.E. 2d 18; Strong's N. C. Index, Vol. 4, Trusts, p. 375. A settlement between Ruth Lowe Buchan and the trustee is not a family settlement. *Harris v. Citizens Bank & Trust Co.,* 172 Va. 111, 143, 200 S.E. 652, 665; 57 Am. Jur., Wills, sec. 1005. It would seem that the family settlement doctrine is not applicable to this suit. *Duffy v. Duffy,* 221 N.C. 521, 20 S.E. 2d 835; *Deal v. Trust Co.,* 218 N.C. 483, 11 S.E. 2d 464.

However, the superior court of Wilkes County in the exercise of its equity jurisdiction has jurisdiction over the parties and over the subject matter of this suit concerning the trust property of the infant Mary Elizabeth Buchan, whether vested or contingent, and over the suit.

The infant Mary Elizabeth Buchan has a vested right in the trust estate created for her benefit by Article V of her father's will. She has only a contingent interest in the trust estate created for her mother, Ruth Lowe Buchan, by Article IV of her father's will. The proposed agreement between the trustee and Ruth Lowe Buchan provides for the payment to Ruth Lowe Buchan of the sum of $400,000.00 from the *corpus* of the trust estate created for her benefit by Article IV of the will, and that the costs shall be paid from this trust estate. However, the trust estate created for the infant Mary Elizabeth Buchan has the burden of paying all the taxes specified in Article II and Article V of the will, as set forth above. There are no definite findings of fact by Judge McConnell as to the taxable value of the estate of the late H. C. Buchan, Jr., and as to the amount of these taxes if the provisions of the will are carried out as written, or as to the amount of these taxes if the widow's dissent prevails, and she takes an intestate share of the estate. The difference in these taxes will materially affect the rights of the infant Mary Elizabeth Buchan and the *corpus* of the vested trust estate created for her benefit by Article V of her father's will. Based on the facts found by Judge McConnell we cannot safely and accurately determine whether the proposed settlement will adequately protect the vested trust estate of the infant Mary Elizabeth Buchan.

The briefs of the appellees state that if the proposed settlement is approved by the court, and the widow's dissent is withdrawn, it will result in substantial tax savings to the estate, and this appears from the affidavit of E. D. Beach attached to the answer of the guardian *ad litem* in the dissent proceeding. This affidavit assumes that the gross taxable value of the estate of H. C. Buchan, Jr., is estimated at $5,-000.000.00. Will that estimate prove correct? The findings of fact and

the record give no definite answer. The appellees have offered no evidence in this respect. Assuming that in this equity proceeding we have the right to review and weigh all the evidence in the case and find the facts, *Greensboro Bank and Trust Co. v. Royster,* 194 N.C. 799, 139 S.E. 774; McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 1, Supreme Court, sec. 61; 5A C.J.S., Appeal and Error, sec. 1662, note 11, p. 583, where many North Carolina cases are cited, there is not sufficient evidence in the record for us safely and accurately to find the taxable value of the estate of H. C. Buchan, Jr., deceased, and the amount of taxes that will be due and payable if the terms of the will are carried out in full, or if the dissent of the widow prevails.

The possible issue of the infant Mary Elizabeth Buchan have contingent interests in the trust estate created for her benefit and the trust estate created for the benefit of the widow Ruth Lowe Buchan, which under the provisions of the will may vest. The heirs at law of H. C. Buchan, Jr., have contingent interests in the trust estate created for his widow and daughter, if his daughter dies without issue surviving her, and does not exercise the power of appointment given her by Article V (4) of the will, and these interests may vest, and these heirs at law may be *in posse* or *in esse.* The Supreme Court in the exercise of its supervisory powers, and acting *ex mero motu* is of the opinion that a guardian *ad litem* should be appointed to represent the possible issue of Mary Elizabeth Buchan, and a guardian *ad litem* should be appointed to represent the heirs at law of H. C. Buchan, Jr., so that their contingent interests can be protected. This language in Strong's N. C. Index, Vol. 2, Executors and Administrators, p. 345 is apposite: "Further, family settlements will not be approved when the rights of infants are not protected, nor when the agreement is to the detriment of contingent beneficiaries not *in esse.*"

The judgment states: ". . . it is the opinion of this court and this court so finds that the proposed compromise settlement will insofar as it applies to said minor and said widow, prevent any possible family dissension regarding this matter now or in the future, . . . that this judgment is in the nature of a family settlement and is made for the sake of family harmony both for the present and for the future." That seems to be pure speculation. The will of H. C. Buchan, Jr., has many complicated and interrelated parts, and whether in the years ahead controversies will arise between the trustee, Ruth Lowe Buchan, and Mary Elizabeth Buchan in respect to its terms and provisions seems beyond the wit of man to foresee. However that may be, we are here primarily concerned with the welfare of the infant Mary Elizabeth Buchan and the protection of her vested trust estate.

The findings of fact are not sufficient to support the judgment, and further rights of contingent beneficiaries under the will are adjudicated, and we cannot determine from the findings of fact that their contingent interests have been adequately protected. It is ordered that the judgment below be vacated, and the case is remanded to the superior court for specific findings of fact in respect to the matters and things set forth in the opinion.

Error and remanded.