AUBREY A. PERKINS, INCOMPETENT, WACHOVIA BANK & TRUST COMPANY, TRUSTEE, v. IRENE PERKINS ISLEY.

(Filed 3 January, 1945.)

**1. Wills § 46—**

A legatee or devisee under a will is not bound to accept a legacy or devise therein provided, but may disclaim or renounce his right under the will, even where the legacy or devise is beneficial to him, provided he has not already accepted it.

**2. Same: Deeds § 5—**

The right to renounce a devise or legacy is a natural one and needs no statutory authority. A title by deed or devise requires the assent of the grantee or devisee before it can take effect.

**3. Wills § 46—**

An heir at law is the only person who, by the common law, becomes the owner of land without his own agency or consent. The law casts the title upon the heir, without any regard to his wishes or election.

**4. Same: Wills § 42—**

A beneficiary is presumed to have accepted a testamentary legacy or devise which is beneficial to him, but the presumption is rebuttable, and where the legatee or devisee renounces or disclaims the legacy or devise in clear and unequivocal terms, in the absence of fraud, the renunciation or disclaimer is effective as of the date of the death of the testator. In such case the devise or legacy is lapsed or void, and the gift passes under other provisions of the will, if there be any covering such contingency, otherwise it passes under the statutes of intestacy. G. S., 31-42.

**5. Wills § 46—**

When a devisee accepts a devise, his title relates back to the death of testator; but when there is a renunciation, the devise never takes effect and the title never vests in the devisee.

**6. Same—**

In most jurisdictions a renunciation must be made within a reasonable time after the probate of the will. What is a reasonable time is usually left to judicial determination in the light of the facts and circumstances involved in each case.

**7. Same—**

The mere fact that a daughter, the sole legatee and devisee under her mother's will, requested in writing the appointment of an administrator *c. t. a.*, in lieu of the executor named therein, who had been adjudged incompetent, is insufficient to estop her from renouncing her rights under the will.

**8. Same—**

Where a testatrix died in May and her will was probated in December following and in February thereafter a daughter, the sole devisee and legatee named in the will, filed a verified petition, in the office of the clerk of the Superior Court, reciting these facts and renouncing all her rights under the said will, such renunciation is in a clear and unequivocal manner and within a reasonable time, and justifies orders of the clerk and judge approving the same and directing distribution as in case of intestacy, and it relates back to the death of the testatrix.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Phillips, J.,* at February Term, 1944, of GUILFORD.

This is an action for partition, instituted as a special proceeding before the clerk of the Superior Court of Guilford County. The defendant filed an answer alleging sole seizin of all the land sought to be partitioned. Whereupon the proceeding was transferred to the Civil Issue Docket of the Superior Court for trial upon the issues raised by the pleadings.

The facts pertinent to this appeal are as follows:

1. Lalah R. Perkins died seized and possessed of the land described in the petition and left surviving her two children, the plaintiff Aubrey A. Perkins and the defendant Irene Perkins Isley.

2. Lalah R. Perkins, the mother of Irene Perkins Isley and Aubrey A. Perkins, the parties hereto, died on 4 May, 1939, leaving a last will and testament, which was duly probated and filed in the office of the clerk of the Superior Court of Guilford County, North Carolina, on or about 19 December, 1939. That said last will and testament provides:

"Second—All my property of whatever nature, real, personal, or mixed, wheresoever situated, to which I may be legally or equitably entitled, or over which I may have any power of appointment, I give and bequeath to my daughter, Irene P. Isley, in fee simple, forever.

"Third—I appoint Aubrey A. Perkins to be the executor of this will, and request that no sureties upon his official bonds be required."

3. Aubrey A. Perkins was adjudged incompetent for want of understanding to manage his own affairs, on 5 December, 1939, and on 19 December, 1939, the Wachovia Bank & Trust Co. was appointed Trustee of his property and qualified as such Trustee and immediately entered

upon its duties and has continuously since that date and is now acting as such Trustee.

4. On 18 December, 1939, Irene Perkins Isley requested the clerk of the Superior Court of Guilford County, in writing, to appoint the Security National Bank, of Greensboro, N. C., administrator *c. t. a.* of the will of her mother, Mrs. Lalah Ross Perkins. The Security National Bank was duly appointed and immediately entered upon its duties as such administrator.

5. Irene Perkins Isley, on 12 February, 1940, filed in the office of the clerk of the Superior Court of Guilford County, a petition entitled "In the Matter of the Estate of Mrs. Lalah Ross Perkins, Security National Bank, Administrator *c. t. a.*" This petition was signed by her and her attorney and duly verified by Irene Perkins Isley. In this petition she alleges that her mother, Lalah Ross Perkins, died on 4 May, 1939, leaving a last will and testament which was duly filed and probated on or about 19 December, 1939; that Irene Perkins Isley, the petitioner, was named as sole beneficiary in said will, that the Security National Bank qualified as administrator *c. t. a.* on 19 December, 1939, that the estate consists of real and personal property of considerable value; and in Item III of said petition she alleges: "That the said Irene Perkins Isley does not wish to take under said will, but desires to renounce all her rights under the same; that she is advised that she is entitled to renounce as a matter of law, and she hereby does renounce all her rights under said will." And in Item IV she alleges: "That the said Lalah Ross Perkins left surviving her two children, Irene Perkins Isley and Aubrey A. Perkins, who under the intestate laws of the State of North Carolina are her only heirs at law and that the Wachovia Bank & Trust Company, of High Point, N. C., is the duly appointed qualified and acting Trustee of the property of Aubrey A. Perkins." And she prays as follows:

"Wherefore, petitioner prays the Court for an order:

"1. Authorizing petitioner to renounce all her rights under said will;

"2. Declaring said will to be of no effect and directing that the entire estate of the said Lalah Ross Perkins descend to and be distributed between Irene Perkins Isley and Wachovia Bank & Trust Co., Trustee for Aubrey A. Perkins, in accordance with the intestate laws of the State of North Carolina, and,

"3. Continuing the Security National Bank as Administrator and authorizing and directing said Administrator to distribute all property coming into its hands, after the payment of all lawful debts and charges, between Irene Perkins Isley and Wachovia Bank & Trust Co., Trustee for Aubrey A. Perkins, in accordance with the intestate laws of the State of North Carolina."

6. The Security National Bank, as Administrator *c. t. a.,* of the estate of Mrs. Lalah Ross Perkins, on 12 February, 1940, filed its answer in said cause. On the same day the clerk of the Superior Court of Guilford County adjudged, by its order that the petitioner, Irene Perkins Isley, "has the right, as a matter of law, to renounce under said will," and further ordered and adjudged that "Irene Perkins Isley be and she is hereby permitted to renounce all her rights under the will of Mrs. Lalah Ross Perkins in which the said Irene Perkins Isley was named as sole beneficiary and that by reason of the renunciation contained in the petition and this order, said renunciation is now complete; that said will is null and void and of no effect to pass title to any property, real, personal or mixed, of the estate of the said Mrs. Lalah Ross Perkins and that all of her said property shall descend to and be distributed between Irene Perkins Isley and Wachovia Bank & Trust Company, Trustee for Aubrey A. Perkins, in equal shares, in accordance with the intestate laws of the State of North Carolina," and further ordered and adjudged, "that the Security National Bank be continued as administrator and that said administrator, after paying all the debts of the estate and all proper charges against it, distribute all property remaining in its hands as such administrator between the said Irene Perkins Isley and Wachovia Bank & Trust Company, Trustee for Aubrey A. Perkins, in equal shares, in accordance with the intestate laws of the State of North Carolina."

7. There was an appeal from the order of the clerk of the Superior Court. The matter was heard in the Superior Court, on 12 February, 1940, and it was again adjudged that Irene Perkins Isley, the petitioner, "has the right, as a matter of law, to renounce all her rights under said will," and the order signed by the clerk of the Superior Court was in all respects approved and confirmed by the judge of the Superior Court.

8. The administrator *c. t. a.,* of Lalah Ross Perkins, deceased, the Wachovia Bank & Trust Company, Trustee for Aubrey A. Perkins, and Irene Perkins Isley, have at all times dealt with the property in accordance with the renunciation approved by the clerk and the judge of the Superior Court.

9. Irene Perkins Isley was a married woman at the time of the foregoing transactions; however, she and her husband separated on 8 November, 1939, and have lived separate and apart since said date, and they were divorced later by a judgment of the Superior Court of Guilford County.

10. W. F. Isley, the husband of the defendant, instituted the action for divorce 15 November, 1941, the defendant filed an answer alleging that W. F. Isley without provocation or cause on the part of the defendant, unlawfully and willfully abandoned her, and by way of cross action

prayed the court to grant her a divorce from the plaintiff. On 2 February, 1942, Irene Perkins Isley was granted an absolute divorce from W. F. Isley. Four issues were submitted to the jury and answered in the affirmative. The first issue as to residence, the second as to the marriage, the third as to whether or not the plaintiff and defendant had lived separate and apart continuously for two years or more immediately preceding the institution of the action, and the fourth was in the following language: "Was the abandonment and separation without fault on the part of the defendant?"

At the trial of this cause, the court submitted two issues to the jury and directed a verdict for the plaintiff, as follows:

"1. Are the plaintiff and defendant tenants in common and seized in fee simple of the lands described in the petition? Answer: Yes.

"2. What is the interest of the petitioner in said land? Answer: One-half undivided interest."

From judgment entered on the verdict, defendant appeals to the Supreme Court, assigning errors.

*Sapp & Sapp for plaintiff.*
*Clifford Frazier for defendant.*

DENNY, J. This appeal may be determined by answering the following questions: 1. Did Irene Perkins Isley renounce and refuse to take under the last will and testament of her mother, Mrs. Lalah Ross Perkins? 2. If so, did the renunciation have the effect of a conveyance which required the written assent of her husband, as provided in Art. X, sec. 6, of the Constitution of North Carolina, unless she was a freetrader under the provisions of G. S., 52-6? We think the first question must be answered in the affirmative and the second in the negative.

The weight of authority is to the effect that a legatee or devisee under a will is not bound to accept a legacy or devise therein provided, but may disclaim or renounce his right under the will, even where the legacy or devise is beneficial to him, provided he has not already accepted it. 69 C. J., Wills, sec. 2168, p. 674; 28 R. C. L., Wills, sec. 351, p. 352; Thompson on Wills, sec. 479, p. 567; Page on Wills, Vol. 4, secs. 1402 through 1404, p. 140, et seq.; *Sanders v. Jones,* 347 Mo., 255, 147 S. W. (2d), 424; *People v. Flanagan,* 331 Ill., 203, 162 N. E., 848, 60 A. L. R., 305; *In re Vasgaard's Estate,* 62 S. D., 421, 253 N. W., 453; *Greely v. Houston,* 148 Miss., 799, 114 So., 740; *Schnoover v. Osborne,* 193 Iowa, 474, 187 N. W., 20, 27 A. L. R., 465; *Chilcoat v. Reid,* 154 Md., 378, 140 A., 100; *Albany Hospital v. Hanson,* 214 N. Y., 435, 108 N. E., 812; *Peter v. Peter,* 343 Ill., 493, 175 N. E., 846, 75 A. L. R., 890; *In re Hodge's Estate,* 20 Tenn. App., 411, 99 S. W. (2d), 561; *Coomes v.*

*Finegan* (Iowa) (1943), 7 N. W. (2d), 729; *Strom v. Wood,* 100 Kan., 556, 164 Pac., 1100; *Bouse v. Hull,* 168 Md., 1, 176 A., 645; *Seifner v. Weller* (Mo.) (1943), 171 S. W. (2d), 617; *Daley v. Daley,* 308 Mass., 293, 32 N. E. (2d), 286.

The right to renounce a devise or legacy is a natural one and needs no statutory authorization. "An heir-at-law is the only person who, by the common law, becomes the owner of land without his own agency or assent. A title by deed or devise requires the assent of the grantee or devisee before it can take effect. But in the case of descent, the law casts the title upon the heir, without any regard to his wishes or election. He cannot disclaim it if he would." 3 Washburn on Real Property (5th Ed.), sec. 4, p. 6; *In re Kalt's Estate* (Cal.) (1940), 102 Pac. (2d), 399; *S. c.,* 108 Pac. (2nd), 401; *In re Mahlstedt's Will,* 250 N. Y., 628.

A beneficiary is presumed to have accepted a testamentary legacy or devise which is beneficial to him, but the presumption is rebuttable, and where the legatee or devisee renounces or disclaims the legacy or devise in clear and unequivocal terms, in the absence of fraud, the renunciation or disclaimer is effective as of the date of the death of the testator. In such cases the devise or legacy is lapsed or void, and the gift passes under other provisions of the will, if there be any covering such contingency, otherwise it passes to the heirs at law under the statutes of intestacy. G. S., 31-42; *Reid v. Neal,* 182 N. C., 192, 108 S. E., 769; *Bradford v. Leake,* 124 Tenn., 312, 137 S. W., 96; *Sanders v. Jones, supra; Greely v. Houston, supra; Schnoover v. Osborne, supra; Peter v. Peter, supra.*

When a devisee accepts a devise, his title relates back to the death of the testator, but when there is a renunciation the devise never takes effect and title never vests in the devisee. *In re Johnston's Will,* 298 N. Y., 957; *Schnoover v. Osborne, supra.* In most jurisdictions, however, it is held that a renunciation must be made within a reasonable time after the probation of the will. What is a reasonable time is usually left for judicial determination in the light of the facts and circumstances involved in each case.

The appellant contends that she did not have the right to renounce the gift under her mother's will, since the Security National Bank was appointed administrator *c. t. a.,* at her suggestion. We do not so hold. We are advertent to the decisions of this Court, which hold that ordinarily where a beneficiary under a will, who is under the necessity of making an election, is presumed to have made the election by offering the will as executor and procuring its probate. *Benton v. Alexander, post,* 800, and the cases there cited. Even though a widow is estopped in this jurisdiction from claiming dower, where she, as executrix, procures the probation of her deceased husband's will, nothing else appear-

ing, she could still renounce the gift under the will and take nothing from her husband's estate if she so desired. *Brown v. Routzahn*, 63 Fed. (2d), 914, 290 U. S., 641, 78 Law Ed., 557. In the instant case, the appellant was under no obligation to make an election, and the mere fact that she requested the appointment of an administrator *c. t. a.*, in lieu of the executor named therein, who had been adjudged incompetent, is insufficient to estop her from renouncing her rights under the will.

The appellant renounced her rights under the will of her mother, Mrs. Lalah Ross Perkins, in a clear and unequivocal manner and within a reasonable time. She filed a verified petition in the office of the clerk of the Superior Court of Guilford County, in which she alleged that she was the sole beneficiary under the last will and testament of her mother, Mrs. Lalah Ross Perkins, that she did not wish to take under the will, and further stated therein that "She hereby does renounce all her rights under said will." The renunciation set forth in the petition was sufficient to justify the orders of the clerk and the judge of the Superior Court approving her renunciation and directing the Security National Bank, administrator *c. t. a.*, after paying the debts of the estate and all proper charges against it, to distribute all the property remaining in its hands as such administrator between Irene Perkins Isley and Wachovia Bank & Trust Company, Trustee for Aubrey A. Perkins, in equal shares, in accordance with the intestate laws of North Carolina.

The appellant's renunciation became effective upon the filing of her verified petition in the office of the clerk of the Superior Court renouncing her rights under said will and said renunciation related back to the death of her mother. The will of Mrs. Lalah Ross Perkins contained no residuary clause, or other provisions disposing of her property in the event of a renunciation by the beneficiary therein, therefore the plaintiff and the defendant herein are tenants in common in all the real property of which Mrs. Lalah Ross Perkins died seized.

The appellant may have made a mistake when she renounced her rights under her mother's will, but she has not shown upon this record any reason, legal or otherwise, why she should now be permitted to retract or revoke her renunciation.

Whether or not the right to renounce a testamentary gift is superior to the right of a judgment creditor, is not presented or decided.

In the trial below, we find

No error.

DEVIN, J., took no part in the consideration or decision of this case.