ELEANOR B. O'NEIL, FRASER KNIGHT O'NEIL, AND FIRST UNION NATIONAL BANK OF NORTH CAROLINA, EXECUTOR AND TRUSTEE UNDER THE WILL OF JOHN C. BARRON, DECEASED, v. MICHELLE O'NEIL, MOLLY O'NEIL AND MICHAEL O'NEIL, MINORS; AND THE UNBORN ISSUE OF ELEANOR B. O'NEIL.

(Filed 8 November, 1967.)

1. **Appeal and Error § 68—**

   Decision on appeal dismissing the action on the ground that the evidence did not present a *bona fide* controversy between the parties requires by inference that upon the subsequent hearing the cause be tried when the evidence is supplemented to disclose such *bona fide* controversy.

2. **Executors and Administrators § 31—**

   In this action disclosing a *bona fide* controversy as to the validity of the paper writing probated, judgment of the court approving a family settlement and modifying the will in accordance therewith in order to preserve the estate and promote family harmony, is affirmed.

3. **Appeal and Error § 3—**

   Where subsequent to judgment a corporate party has merged with another corporation and succeeded to the status of the former corporation, the merged corporation will be substituted as a party in the Supreme Court.

APPEAL by P. H. Wilson, guardian *ad litem* for Michelle O'Neil, Molly O'Neil and Michael O'Neil, minors, and guardian *ad litem*

for the unborn issue of Eleanor B. O'Neil, defendant, from a judgment rendered by His Honor, *John D. McConnell, Resident Judge* of the Twentieth Judicial District, in chambers, on August 31, 1967. From MOORE.

*E. O. Brogden, Jr., and Hoyle & Hoyle for plaintiff appellees Eleanor B. O'Neil and Fraser Knight O'Neil.*

*Leath, Bynum, Blount & Hinson for plaintiff appellee First Union National Bank of North Carolina.*

*William D. Sabiston, Jr., for defendant appellant P. H. Wilson, guardian ad litem.*

PER CURIAM. The provisions of the judgment of August 31, 1967, are identical in all material respects with the judgment dated March 8, 1967, considered by this Court in *O'Neil v. O'Neil,* 271 N.C. 106, 155 S.E. 2d 495. The facts pertinent to this appeal are set forth fully in our preliminary statement in connection with said former appeal in this cause.

In vacating the judgment of March 8, 1967, considered on former appeal, this Court said: "We do not hold there is no *bona fide* controversy as to the validity of the 'Will.' We do hold, and all that we hold, is that there is no evidence in the present record sufficient to support the court's finding that such *bona fide* controversy exists. Accordingly, the judgment of the court below is vacated and the cause is remanded for further proceedings not inconsistent with this opinion. If there exists in fact a genuine and *bona fide* controversy as to the validity of the 'Will,' the proposed modifications of its dispositive provisions seem reasonable and not adverse to the best interests of the defendants."

After certification of our decision on former appeal, the cause was again heard by Judge McConnell, at which time evidence was offered, which evidence is set forth in the present record, sufficient in our opinion to sustain the finding in the present judgment that "(t)here is a *bona fide* controversy regarding the validity of the paper writing dated October 7, 1964, purporting to be the last will and testament of John C. Barron." In view of this factual finding, and predicated thereon, we are of opinion, and so decide, that the judgment entered by Judge McConnell on August 31, 1967, approving the "family settlement agreement" dated January 24, 1967, and modifying in accordance therewith the dispositive provisions of the paper writing dated October 7, 1964, probated in common form as the last will and testament of John C. Barron, deceased, should be, and it is hereby, affirmed.

O'NEIL *v.* O'NEIL.

Subsequent to Judge McConnell's order of August 31, 1967, The Citizens Bank and Trust Company of Southern Pines was merged into First Union National Bank of North Carolina which, pursuant to such merger, succeeded to the status of The Citizens Bank and Trust Company of Southern Pines as executor and trustee under the will of John C. Barron, deceased. By consent, and by order of this Court, the said First Union National Bank of North Carolina, in its capacity as executor and trustee under the will of John C. Barron, deceased, has been substituted as a party plaintiff in this cause in lieu of The Citizens Bank and Trust Company of Southern Pines.

Affirmed.