MRS. SOL REESE, MARY RING, SUE McCALL, EULA BALL, EDITH McINTYRE AND BUD McCULLOUGH v. LOUISE CARSON, HERMAN McCULLOUGH, AND JOEL H. WALKER, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ERLINE DUNCAN WALKER, DECEASED

No. 6828SC419

(Filed 20 November 1968)

**1. Executors and Administrators § 33— family settlements**

　　Family settlements for distribution of estates contrary to testamentary dispositions are upheld and enforced where the rights of creditors are not impaired and in the absence of fraud.

**2. Wills § 60— renunciation of bequest**

　　A testamentary beneficiary has the right to renounce or decline a devise or bequest in his favor, and his motives in doing so are immaterial, at least so long as he receives no fraudulent benefit for the renunciation.

**3. Wills § 60— renunciation by parol**

The renunciation of a devise or bequest need not be made in writing but may be effected by parol.

**4. Wills § 60— right of renunciation**

In this State a devisee or legatee may disclaim or renounce his right under a will.

**5. Wills §§ 35, 60— vesting of estate — renunciation of bequest**

Where testator provided that the residue of his estate should go to his daughter, but that if she should die before complete distribution of the estate the residue should go in trust for the daughter's husband for his lifetime, with remainder to certain named beneficiaries, the residue of the estate vested in the daughter prior to her death notwithstanding that the husband failed to negotiate a check issued to him by his wife as payment for a bequest, since his failure to negotiate the check constituted an effective and timely renunciation of the bequest under the circumstances of the case.

**6. Appeal and Error § 2— review of decision of lower court — effect of incorrect reasons**

If the correct result has been reached by the trial court, its judgment should not be disturbed on appeal even though some of the reasons assigned therefor may not be correct.

APPEAL by plaintiffs and by the defendants Louise Carson and Herman McCullough from *McLean, J.,* 22 April 1968 Session (second week), BUNCOMBE Superior Court.

This action involves the disposition of the residuary estate of William T. Duncan who died testate on 8 November 1963. Each of the plaintiffs, and the defendants Louise Carson and Herman McCullough, are contingent residuary beneficiaries named in Item IX of the Will of William T. Duncan.

After making several specific bequests of cash and personal property, the testator provided in Item VIII of his Will that the residue of his estate should go to his daughter, Erline Duncan Walker, the wife of defendant appellee Joel H. Walker. Following this disposition of the residue of his estate, the testator provided by Item IX of his Will that in the event his daughter Erline Duncan Walker should predecease him, *or die before complete distribution of his estate,* the residue of his estate should go in trust for Joel H. Walker for his lifetime, with the remainder to be divided equally between plaintiffs and the defendants Louise Carson and Herman McCullough.

The estate of William T. Duncan consisted of real estate of a value of $65,370.00, and personal property of a value of $18,257.44. His specific cash bequests ($12,500.00), the debts and costs of ad-

ministration ($4,266.61), North Carolina Inheritance Tax ($2,325.26), and Federal Estate Tax ($2,118.81) totaled $21,210.68.

Testator nominated Louise Carson and Herman McCullough (two of the defendants) as co-executors of his Will, and they qualified as such on 12 November 1963; and Notice To Creditors was published, commencing 28 November 1963. After qualification the co-executors determined that the estate did not contain sufficient cash or liquid personalty to pay the cash bequests, debts and costs, and inheritance and estate taxes. They therefore entered into a contract on 21 November 1963 with Erline Duncan Walker, daughter and principal beneficiary of testator, whereby Erline Duncan Walker agreed to pay from her personal monies, and from funds of the estate, all of the bequests, debts, costs and taxes of the estate.

Pursuant to her agreement with the co-executors, Erline Duncan Walker paid the debts, inheritance and estate taxes, attorney fee, commissions to the co-executors, and the specific cash bequests including $1,000.00 to Mary Ring (one of the plaintiffs), and $1,000.00 each to Louise Carson and Herman McCullough (two of the defendants). She also delivered to the various legatees the items of personal property specifically bequeathed by the testator.

Erline Duncan Walker and her husband, Joel H. Walker, maintained a joint bank account in the First Citizens Bank and Trust Company in Asheville, North Carolina, and all of the checks drawn by Erline Duncan Walker in payment of the debts, inheritance and estate taxes, attorney fee, commissions to the co-executors, and the cash bequests were drawn on and paid from this joint account. Testator made a specific bequest of $4,000.00 to Joel H. Walker, and the check for this specific bequest was drawn on the same joint bank account; however, this check has never been negotiated. No final account of the administration of the estate of William T. Duncan has been filed with the Clerk of Superior Court, and the court costs have not been paid.

Erline Duncan Walker died testate on 20 November 1964, and Joel H. Walker was named as sole beneficiary and executor. He has qualified as executor and is in possession of the property of her estate and the residuary property of the estate of William T. Duncan.

The present controversy is centered upon whether, at the time of the death of Erline Duncan Walker, there had been a *complete distribution* of the estate of William T. Duncan. The plaintiffs and the defendants Louise Carson and Herman McCullough urge that there had not been a complete distribution, and therefore the residue

of the estate of William T. Duncan should pass to them under Item IX of his Will, subject to the Trust established therein. The defendant Joel H. Walker urges that there had been a complete distribution and therefore the residue of the estate of William T. Duncan had vested in Erline Duncan Walker before her death, and as the sole beneficiary under her Will he is entitled to the estate of William T. Duncan which had vested in her.

The case was heard by Judge McLean by consent without a jury, and from a judgment decreeing that the estate of William T. Duncan had been fully distributed at the time of the death of Erline Duncan Walker, the plaintiffs and defendants Louise Carson and Herman McCullough appealed.

*Loftin & Loftin, by E. L. Loftin, for plaintiff appellants.*

*Landon Roberts for Louise Carson and Herman McCullough, defendant appellants.*

*Harold K. Bennett for Joel H. Walker, defendant appellee.*

BROCK, J.

Appellants concede, and properly so, that the failure of Erline Duncan Walker to file a final account in the Superior Court before her death would not preclude a determination that there had been a *complete distribution* of the estate of William T. Duncan. Their contention is that a *complete distribution* was not accomplished because the $4,000.00 bequest to Joel H. Walker, as provided in the Will of William T. Duncan, was never paid.

Each of the checks in payment of the specific bequests of cash under the Will of William T. Duncan, including the one payable to Joel H. Walker for his specific bequest, was dated and signed by Erline Duncan Walker on 29 November 1963, almost a year before her death. Each of these checks was drawn on the joint bank account of Erline Duncan Walker and her husband, Joel H. Walker, wherein the personal funds of both were on deposit. Each of these checks, with the exception of the one payable to Joel H. Walker, was subsequently negotiated and charged by the bank against the joint account of Erline Duncan Walker and Joel H. Walker.

Joel H. Walker, the only witness called to testify by either side, testified that he and his wife were with the co-executors in the office of Mr. Pennell, attorney for the co-executors, when the checks for the specific bequests were prepared and signed. He testified there was some discussion concerning the check drawn payable to him,

and that Mr. Pennell advised him that "there wasn't any use to cash this check and draw my own money out of the bank and put it right back in bank again under the circumstances." He further testified that he agreed not to present the check to the bank, and that he has never presented it to the bank.

[1]   It is quite clear that the agreement of Erline Duncan Walker to pay the bequests, costs, commissions, and taxes from her and her husband's personal funds was for the purpose of avoiding the necessity of a sale of the real estate which was a part of the residue of the estate that would pass to her. This agreement was in the nature of a family settlement. "Family settlements for distribution of estates contrary to testamentary dispositions are almost universally approved, upheld and enforced, where the rights of creditors are not impaired and in the absence of fraud." *In Re Will of Pendergrass*, 251 N.C. 737, 112 S.E. 2d 562. Joel H. Walker, by his conduct, concurred in this arrangement. On 3 May 1966 the co-executors were discharged by the court from further responsibility.

[2]   "The right of a testamentary beneficiary to renounce or decline a devise or bequest in his favor is generally recognized. The law does not compel a devisee to accept a devise against his consent, and, as is sometimes said, it is optional with a devisee whether to accept or decline the devise however beneficial it may be to him. The motives of the donee in declining the gifts are immaterial, at least so long as he receives no fraudulent benefit for the renunciation." 57 Am. Jur., Wills, § 1566, p. 1070; *In Re Will Of Pendergrass, supra; Perkins v. Isley*, 224 N.C. 793, 32 S.E. 2d 588. Clearly the conduct on the part of Joel H. Walker in this case was to accomplish the same purpose as the contract negotiated by the co-executors with his wife, i.e., to prevent the necessity of sale of the real estate for the purpose of paying the cash bequests. No fraudulent benefit was gained by him in his conduct.

[3, 4]   "The view that the renunciation of a devise or bequest need not be made in writing, but may be effected by parol, has been recognized in a number of cases." Annotation: 93 A.L.R. 2d 71 (1964). "In a number of cases an effective renunciation of a devise or bequest was found, solely or primarily, from the fact that the beneficiary, although not expressly renouncing the gift, deliberately refused to enter into possession of the devised or bequeathed property, or to exercise control over it, or to assert the rights or interest to be acquired therein." Annotation: 93 A.L.R. 2d 72 (1964). "In North Carolina a devisee or legatee may disclaim or renounce his right under a Will." *In Re Will Of Pendergrass, supra.*

[5] We hold that, under the circumstances of this case, by agreeing not to negotiate the check, coupled with his conduct in not negotiating the check, Joel H. Walker effectively renounced the bequest to him and that a complete distribution of the estate of William T. Duncan was accomplished before the death of Erline Duncan Walker; and that, under the terms of the Will, the residue of the estate of William T. Duncan vested in Erline Duncan Walker prior to her death. It follows that Item IX of the Will of William T. Duncan is not operative and the beneficiaries named therein are not entitled to receive any devise or bequest under its provisions.

[6] If the correct result has been reached by the trial court, its judgment should not be disturbed even though some of the reasons assigned therefor may not be correct. *Sanitary District v. Lenoir*, 249 N.C. 96, 105 S.E. 2d 411.

The judgment of the trial court is

Affirmed.

BRITT and PARKER, JJ., concur.