VERNON M. HOLT v. VERDIE R. HOLT AND WILLIAM S. HOLT

No. 8020SC151

(Filed 15 July 1980)

1. **Executors and Administrators § 33– family settlement agreement – construction – statute of frauds**

   A jury question was presented as to whether a family settlement agreement provided that one defendant was to receive a larger share of testatrix's real estate which would be accomplished by probating testatrix's will but not a codicil thereto and executing deeds to complete the transaction or whether the agreement was that plaintiff and defendants would share equally in the real estate and this would be accomplished by probating the will but not the codicil. If the agreement required the execution of deeds, it is a partially executed agreement to convey real estate and is barred by the statute of frauds.

2. **Executors and Administrators § 33.1– family settlement agreement – absence of exigency not contemplated by testatrix**

   A family settlement agreement was not invalid because an exigency or emergency not contemplated by the testatrix did not exist.

3. **Executors and Administrators § 33– family settlement agreement – agreement not to probate codicil**

   A family settlement agreement was supported by consideration and was not void as against public policy because it included an agreement not to probate a codicil to testatrix's will.

APPEAL by a plaintiff from *Wood, Judge.* Judgment entered 1 November 1979 in Superior Court, STANLY County. Heard in the Court of Appeals 11 June 1980.

This action was commenced by the filing of a complaint in which the plaintiff alleged he had entered into a family settlement agreement with the defendants which the defendants had refused to carry out. The defendants answered pleading, among other things, the statute of frauds and illegal consideration. Both sides moved for summary judgment. The pleadings and affidavits filed for and against the motions for summary judgment established that the parties to this action are the only children of Annie H. Holt, deceased. On 29 October 1964, Annie H. Holt executed a will which left her estate equally to her three sons. On 11 September 1969, Annie H. Holt executed a codicil to her will which excluded the plaintiff from any participation in

Holt v. Holt

her estate. Annie H. Holt died on 25 March 1977. Shortly after the death of Mrs. Holt, her three sons met in the office of S. Craig Hopkins, an attorney in Albemarle, North Carolina. Mr. Hopkins read the will and the codicil to the three sons of Mrs. Holt. An argument ensued between the three sons and other members of the family who were present. Mr. Hopkins explained to them that they could divide the estate equally if that were the wishes of the three sons. The three sons agreed to do this. Verdie R. Holt and William S. Holt each said in affidavits the following:

> "[We] were informed by Attorney S. Craig Hopkins that we would allow Vernon M. Holt to share in the estate in this matter by probating only the Will, destroying the Codicil, and executing Deeds along with Vernon that divided the estate into three shares; that it was agreed that this would be done and that it was further agreed that ... William S. Holt, would receive the largest share because of a prior conveyance of some land to [Verdie R. Holt] by our father, James Marshall Holt."

Vernon M. Holt stated in an affidavit the following:

> "[A]fter a discussion among and between myself and my two brothers, the Defendants, I and my two brothers, the Defendants, agreed ... I and my two brothers, the Defendants, would share equally in my Mother's Estate and that the will, Exhibit A, would constitute the Last Will and Testament of Annie H. Holt.
>
> &ast; &ast; &ast;
>
> That after reaching said Agreement, we were informed by S. Craig Hopkins that this Agreement could be carried out simply by probating only the will ... ."

The codicil was torn and the pieces given to Mr. Hopkins who kept them. The will was probated on 28 March 1977. A division deed was drawn for Annie H. Holt's property, but the plaintiff did not feel he was being treated fairly in the division and refused to sign it. When the plaintiff refused to sign, the defend-

ants reconstituted the codicil and offered it for probate. The codicil was probated on 4 August 1977. Verdie R. Holt was appointed executor of the estate.

The court granted summary judgment for the defendants.

*Lefler and Bahner, by John M. Bahner, Jr., and James E. Griffin, for plaintiff appellant.*

*Brown, Brown and Brown, by Richard Lane Brown III and Steven F. Blalock, for defendant appellees.*

WEBB, Judge.

[1] It is clear from the evidence produced by both sides that there was a family settlement agreement in the case sub judice. There is a conflict as to what constituted the agreement. The defendants contend in their affidavits that the agreement was that William S. Holt would receive the largest share and deeds would be drawn accordingly after the will, but not the codicil, was probated. The plaintiff contends that the agreement was that the parties would share equally in the estate and this would be accomplished by probating the will but not the codicil. The part of the family settlement agreement that involved a conveyance or division of the real estate would be governed by the statute of frauds. A partially executed contract to convey real estate is subject to the statute of frauds. *Pickelsimer v. Pickelsimer,* 257 N.C. 696, 127 S.E. 2d 557 (1962); *Duckett v. Harrison,* 235 N.C. 145, 69 S.E. 2d 176 (1952); *Ebert v. Disher,* 216 N.C. 36, 3 S.E. 2d 301 (1939). A fully executed contract is not subject to the statute of frauds. *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785 (1954). We hold that it is an issue for the jury as to whether the defendants' version of the agreement is correct, that is, whether William S. Holt was to receive a larger share of the real estate which would be accomplished by probating the will but not the codicil and executing deeds to complete the transaction, or whether the plaintiff's version is correct, that is, the agreement was that the three brothers would share equally in the real estate and this would be accomplished by probating the will but not the codicil. If the defendants' version is correct, the family settlement agreement, so far as the real estate is

Holt v. Holt

concerned, is a partially executed agreement to convey real estate and is barred by the statute of frauds. If the plaintiff's version is correct, it is a fully executed agreement and is not subject to the statute of frauds. As to the personal property, all the evidence is that the parties agreed to share equally. The plaintiff was entitled to have his motion for summary judgment allowed as to the personal property in the estate.

The appellant contends that the family settlement agreement is nothing more than a renunciation of a devise and is not covered by the statute of frauds. He cites *Reese v. Carson,* 3 N.C. App. 99, 164 S.E. 2d 99 (1968) for this proposition. *Reese* involved the renunciation of a bequest of personal property. If the action of the defendants in the case sub judice was a renunciation of a devise, its effect was to convey real estate to the plaintiff, and we hold the statute of frauds must be taken into account.

[2] The defendants contend the family settlement agreement in the case sub judice is not valid because an exigency or emergency not contemplated by the testatrix does not exist. Defendants cite *O'Neil v. O'Neil,* 271 N.C. 106, 155 S.E. 2d 495 (1967) for this proposition. It is true that *O'Neil* contains language that a "will or testamentary trust may be modified by a family settlement agreement only where there exists some exigency or emergency not contemplated by the testator." The case sub judice is factually distinguishable from *O'Neil.* In that case, the beneficiaries of a trust attempted to change the terms of the trust to postpone the vesting of the minors' interest. In the case sub judice, all the parties who made the family settlement agreement had reached their majorities. The language of *O'Neil* is inconsistent with many cases. *See Wagner v. Honbaier,* 248 N.C. 363, 103 S.E. 2d 474 (1958). We hold it does not govern in the case sub judice.

[3] The defendants also contend the family settlement agreement is based on illegal and unlawful consideration, if on any consideration at all, and is not binding. The defendants argue that an agreement not to probate a codicil is illegal and against public policy and should not be enforced. We believe *In re Will of Pendergrass,* 251 N.C. 737, 112 S.E. 2d 562 (1960) governs this point. That case involved an agreement not to probate a will.

The Court pointed out it is against public policy and a misdemeanor under G.S. 14-77 to conceal or destroy a will fraudulently. It held that the agreement should be enforced in that case, saying the rights of creditors were not impaired and the agreement was openly and fairly made between adults. As for consideration, the Court said, "[t]he mutual promises for the sake of family harmony and good will, the settlement of controversies and the purpose to avoid further litigation outweigh mere pecuniary considerations." We hold that under *Pendergrass*, the family settlement agreement in the case sub judice was supported by sufficient consideration and is not against public policy.

The defendants next argue that the policy underlying family settlement agreements, that is the promotion of family harmony, would not be promoted by the enforcement of this agreement. The defendants point out that the agreement has not brought harmony to the Holt family. We do not believe this is sufficient reason to set aside the agreement. The policy of promoting family harmony remains, if it has not succeeded for the Holt family, and perhaps it may do so yet.

The appellees' last contention is that there was no agreement but simply a "ruse" by the plaintiff to get the defendants to give him a part of their inheritance. Whatever the motive of the plaintiff, all the evidence shows the parties came to an agreement and the parties are bound by it so far as it is not barred by the statute of frauds.

For the reasons stated in this opinion, we reverse and remand to the superior court for a judgment in plaintiff's favor as to an equal division of personal property in the estate and for trial on the issue of a family settlement agreement as to the real property.

Reversed and remanded.

Judges PARKER and CLARK concur.