STATE OF NORTH CAROLINA, UPON THE RELATION OF BERNICE T. HAGINS, AND BERNICE T. HAGINS, v. E. R. PHIPPS, E. E. BALLINGER, DEPUTY SHERIFFS OF GUILFORD COUNTY IN MAY 1962, JOHN E. WALTERS, SHERIFF OF GUILFORD COUNTY IN MAY 1962, AND NATIONAL SURETY CORPORATION OF NEW YORK, A FOREIGN CORPORATION AND SURETY UPON THE OFFICIAL BOND OF SHERIFF JOHN E. WALTERS, REDEVELOPMENT COMMISSION OF GREENSBORO, A BODY CORPORATE.

(Filed 28 February, 1968.)

**Infants §§ 5, 9;   Judgments § 8—**

The next friend appointed for the adult plaintiff in this case *is held* to have the authority of a next friend of an infant, G.S. 1-64, and consequently his consent to a judgment involving the interests of the plaintiff without the investigation and approval by the court is invalid.

APPEAL by plaintiff, Bernice T. Hagins, from *Crissman, J.,* October 1967 Civil Session, GUILFORD Superior Court, Greensboro Division, from a judgment denying plaintiff Bernice T. Hagins' motion to set aside the order dated January 26, 1967, appointing a next friend, the judgment dated March 17, 1967, and the order dated May 18, 1967, allowing compensation to the next friend.

This is one of the four cases growing out of a condemnation proceeding originally instituted in 1961 by the Redevelopment Commission of Greensboro against plaintiff herein. In Superior Court this was case no. 5045, and it is no. 67SC14 in this Court.

*Comer & Harrelson, attorneys for plaintiff Bernice T. Hagins, appellant.*

*Cannon, Wolfe & Coggin by J. Archie Cannon, attorneys for defendant Redevelopment Commission of Greensboro.*

*No Counsel for defendants E. R. Phipps; E. E. Ballinger; John E. Walters, Sheriff of Guilford County; or National Surety Corporation of New York.*

MALLARD, C.J.  This case was consolidated with the three other cases in this Court for argument. The plaintiff, Bernice T. Hagins, in this case is the plaintiff in all the other cases, and the Redevelopment Commission of Greensboro is a defendant in all four cases. The other defendants herein are not involved in the other three cases as parties. In this Court the plaintiff filed only one brief, but a separate record was filed in each case. In the record in this case the plaintiff sets out five assignments of error. Number one relates to the appointment of the next friend, and number three relates to the order allowing compensation to the next friend. These assignments of error are identical to the exceptions to the same orders which

have been discussed and ruled on in the case of *Bernice T. Hagins v. Redevelopment Commission of Greensboro,* decided this day, *ante* page 40, and each are overruled for the reasons stated therein.

The plaintiff in her complaint alleges that E. R. Phipps and E. E. Ballinger were duly appointed Deputy Sheriffs of Guilford County in May 1962, and that John E. Walters was the duly elected and acting Sheriff of Guilford County and that the defendant, National Surety Corporation, was a surety upon the official bond of the defendant, John E. Walters, Sheriff of Guilford County. The plaintiff alleges that on the 25th day of May 1962, the defendants Phipps and Ballinger, while acting in their capacities as Deputy Sheriffs, without just cause unlawfully assaulted the plaintiff by threat of the use of arms and without authority of law forced her to permanently vacate her home at the corner of Macon and Dellinger Streets in Greensboro; that the assault above mentioned was inflicted under the color of the office of the defendant Walters, Sheriff of Guilford County, and at his direction; that said assault was ordered and commanded by the defendant Redevelopment Commission of Greensboro for its benefit; that on account of said assault the plaintiff has been damaged in the sum of $10,000 as compensatory damages which she seeks to recover, and she also seeks to recover $10,000 as punitive damages.

The defendants, Phipps, Ballinger and Walters, filed an answer denying the material allegations of plaintiff's complaint and asserting that the plaintiff is not entitled to recover anything from them or either of them.

The plaintiff's second assignment of error is to the action of the court in entering a judgment of nonsuit in this case, dated March 17, 1967. This judgment reads as follows:

"THIS CAUSE coming on to be heard and being heard before the Honorable Walter E. Crissman, Judge Presiding over the March 6th, 1967 Civil Session of Guilford County Superior Court, upon motion of Joseph Franks, Jr., duly appointed and acting Next Friend of Bernice T. Hagins, plaintiff, for judgment as of voluntary nonsuit against the defendants, E. R. Phipps, E. E. Ballinger, Deputy Sheriffs of Guilford County in May, 1962, John E. Walters, Sheriff of Guilford County in May, 1962, and National Surety Corporation of New York, a foreign corporation and surety upon the official bond of Sheriff John E. Walters;

Now, THEREFORE, upon motion of Joseph Franks, Jr., Next Friend of Bernice T. Hagins, plaintiff, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above entitled action be, and

the same is hereby dismissed as in case of voluntary nonsuit against the defendants, E. R. Phipps, E. E. Ballinger, Deputy Sheriffs of Guilford County in May, 1962, John E. Walters, Sheriff of Guilford County in May, 1962, and National Surety Corporation of New York, a foreign corporation and surety upon the official bond of Sheriff John E. Walters."

This judgment reveals that it is a consent judgment. There is no finding or adjudication that it was investigated or approved by the court.

We hold that the next friend in this case had no more, nor less, authority than the next friend of an infant. G.S. 1-64; 44 C.J.S., Insane Persons, § 49.

"In the case of infant parties, the next friend, guardian *ad litem*, or guardian cannot consent to *a judgment or compromise* without the investigation and approval by the Court." (Emphasis added.) McIntosh, North Carolina Practice and Procedure, Second Edition, Vol. 2, page 147; *Butler v. Winston*, 223 N.C. 421, 27 S.E. 2d 124; *Trust Company v. Buchan*, 256 N.C. 142, 123 S.E. 2d 489.

The judgment of Judge Crissman, dated October 3, 1967, denying plaintiff's motion to set aside the judgment of nonsuit herein is reversed.

Reversed.

BROCK and BRITT, JJ., concur.