SANDRA BALLARD, A MINOR, BY HER NEXT FRIEND, MRS. FRANCES
  SMITH v. JACK H. HUNTER AND FLORENCE HUNTER; AND
  JOSEPH B. WILSON AND NORMA W. WILSON

No. 7126SC720

(Filed 17 November 1971)

1. Infants § 5— protection of rights of minor plaintiffs — confession of
   judgment in favor of minor — approval by trial judge

   A purported "Confession of Judgment" whereby the defendants
   in an automobile accident case confessed the sum of $10,000 to a minor
   plaintiff in discharge of their obligations arising out of the accident
   *is held* a nullity where the judgment was not investigated and ap-
   proved by a judge of the superior court; the judgment was not given
   validity by the trial judge's awarding of a fee to plaintiff's attorney
   out of the $10,000 or by the guardian's receipt of the balance of the
   $10,000.

2. Torts § 7— rights of tort-feasors — satisfaction of confession of judg-
   ment in favor of one defendant

   An invalid "Confession of Judgment" entered by two defendants
   in an automobile accident case, and the acceptance of the proceeds
   of the judgment by the plaintiff's guardian, could not authorize the
   trial judge to enter summary judgment in favor of another defendant
   on the ground that the "Confession of Judgment" had been satisfied
   within the meaning of G.S. 1B-3(e), the Uniform Contribution Among
   Tort-Feasors Act.

3. Infants § 5— judgment negotiated by guardian of minor — approval of
   court

   A judgment or compromise settlement negotiated by a next friend
   or guardian without the investigation and approval of the court is
   invalid.

APPEAL by plaintiff from *Thornburg, Judge,* 24 May 1971
Schedule "D" Session of Superior Court held in MECKLENBURG
County.

This civil action was commenced 16 October 1969, by next
friend, to recover damages for personal injuries sustained by
the minor plaintiff, Sandra Ballard, in an automobile accident
on 24 September 1967. It was alleged that the plaintiff's injuries
were proximately caused by the negligence of all of the defend-
ants while she was a passenger in an automobile owned by the
defendants Hunter which collided with an automobile owned by
the defendants Wilson. The plaintiff alleged damages in the
amount of $50,000.

On 8 December 1969, the defendants Hunter and their insurance carrier, Hartford Accident and Indemnity Company, filed an instrument denominated a "Confession of Judgment," admitting liability to the plaintiff in the amount of $10,000 and stating:

"At the date, place and time of the accident, the defendants, Jack H. Hunter and Florence Hunter, had in full force and effect policy number 220F397117 with Hartford Accident and Indemnity Company with a maximum limit of $10,000.00 recovery for any one person involved in an accident. Both the individual defendants, Jack H. Hunter and Florence Hunter, as well as the insurance carrier, Hartford Accident and Indemnity Company, believe *that the nature and extent of the injuries and damages sustained by the minor plaintiff far exceed the total liability insurance coverage of $10,000.00 as referred to above.* As these affiants are informed and believe and upon such information and belief allege, the sum of over $4,000.00 has been incurred to date for the hospital, medical, nursing and drug bills. As your affiants are further informed and believe and upon such information and belief allege, *the minor plaintiff received serious and disabling head injuries causing her to revert to childhood whereas the minor plaintiff is now 20 years of age.*

\*    \*    \*

Pursuant to the provisions of North Carolina General Statute 1-248, this verified statement *is being submitted* so as to authorize the entry of a total judgment in the lump sum of $10,000.00 *in full and final discharge of any and all obligations on behalf of the individual defendants, Jack H. Hunter and Florence Hunter,* and their insurance carrier, Hartford Accident and Indemnity Company. The sum of $10,000.00 is confessed herein as the maximum and only amount for which there shall be an entry of judgment, and the sum of $10,000.00 is justly due and owing to the plaintiff arising out of and as a result of the accident referred to in paragraph 3 above." (Emphasis added.)

This "Confession of Judgment" was on 8 December 1969 "indorsed" by an assistant clerk of the Mecklenburg County Superior Court who stated in his "indorsement" that:

"Based upon the foregoing Confession of Judgment and pursuant to General Statute 1-248, it is therefore, ORDERED that the plaintiff, Sandra Ballard, a minor, by her next friend, Mrs. Frances Smith, *is entitled to have entered a judgment* against the defendants, Jack H. Hunter and Mrs. Florence Hunter, in the sum of $10,000.00 with $4.00 costs, together with disbursements." (Emphasis added.)

(We note that this "indorsement" does not of itself purport to be a judgment.)

On 18 December 1969, plaintiff's attorney filed a petition to request that attorney fees be paid to him, alleging that he had a contract with the plaintiff providing for a fee of one-fourth of any sum recovered prior to the actual trial of this action. It was further set out:

"2. That two of the defendants, Jack H. Hunter and Florence Hunter, pursuant to the provisions of North Carolina General Statute 1-248 submitted to the Clerk of Superior Court of Mecklenburg County and there was entered by the Clerk of said Court a Confession of Judgment on November 21, 1969.

3. By the terms of the Confession of Judgment, the defendants, Jack H. Hunter and Florence Hunter, by and with the consent of their insurer, Hartford Accident and Indemnity Company, tendered the sum of $10,000.00 in conformity with the Confession of Judgment. The sum of $10,000.00 is now on deposit in the office of the Clerk of Superior Court for Mecklenburg County, North Carolina."

In this petition, plaintiff's attorney prayed that "an Order be entered by a Judge of the Superior Court Division authorizing and empowering the Clerk of Superior Court for Mecklenburg County, North Carolina, to pay to Warren C. Stack, Attorney, the sum of $2,500.00 as the total fee to be received by said attorney out of the $10,000.00 now on deposit in the office of the Clerk of Superior Court."

The next friend joined in the petition of the attorney and consented to the following order entered by Judge Copeland on the same date:

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge and it appearing to the Court

that a Confession of Judgment has been entered and that there is now on deposit the sum of $10,000.00 in the office of the Clerk of Superior Court for Mecklenburg County and it further appearing to the Court that the plaintiff's attorney had a contingent fee arrangement which provided for a one-fourth fee in the event of the settlement of the case before actual trial.

It is, therefore, ORDERED, ADJUDGED, AND DECREED as follows:

1. The Clerk of Superior Court for Mecklenburg County, North Carolina shall pay from the $10,000.00 now on deposit a fee in the sum of $2,500.00 to Warren C. Stack, Attorney of Record for the above named plaintiff. The payment as made by the Clerk shall constitute payment in full for that portion of the attorney's fee allocated to the present recovery of $10,000.00."

There also appears in the record on appeal under the heading "Certificate as to Records," the following:

"I, the undersigned Clerk of Superior Court of Mecklenburg County, do hereby certify that the following appears on Page 106 of Judgment Book 7 of the records of the Clerk of Superior Court of Mecklenburg County:

| *Attorneys* | *Case* |
|---|---|
| Warren C. Stack | Sandra Ballard, Minor |
| | By n/f |
| | Mrs. Frances Smith |
| | |
| 69-CVS-8543 | Jack H. Hunter |
| | and |
| | Florence Hunter |

Docketed at: 2:15 p.m. December 8, 1969

*Abstract of Document*
North Carolina, County of Mecklenburg

The liability of Jack H. Hunter, al, to Sandra Ballard bnf for $10,000.00 Dollars plus interest at ___% on $_____ from the _____ day of _____, 19____, and costs, was

established by Confession of Judgment dated the 8 day of Dec., 1969.

Signed—Willie P. Gibson

$10,000.00                    $30
Total Principal          Costs

Received of defendant $10,000.00 THE HARTFORD INSURANCE GROUP #445970 in full principal, interest and cost this judgment. This 8 day of DEC., 1969.

/s/ Martha McIlroy
Deputy Clerk Superior Court

Received of Robert M. Blackburn, CSC, $2,500.00, Atty. fee.

/s/ Warren C. Stack
Atty. for plaintiff

Witness:
Carolynne M. Henderson, D.C.

Received of Robert M. Blackburn, CSC, $7,492.50 in full principal, interest and cost this judgment and same is hereby satisfied and canceled. This 12th day of Jan., 1970.

/s/ Sandra Ballard Minor
/s/ Kenneth R. Downs Guardian"

On 19 March 1970, the defendants Wilson filed a "Motion for Summary Judgment Under Rule 56," setting out the purported "cancellation" of the confessed judgment on 12 January 1970 and alleging that plaintiff's claim against them was barred by the provisions of Section 1B-3(e) of the North Carolina General Statutes. The motion of the defendants Wilson was granted and judgment entered thereon by Judge Thornburg on 28 June 1971. The plaintiff excepted and appealed.

*Warren C. Stack for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by John G. Golding for defendant appellee.*

MALLARD, Chief Judge.

[1]  G.S. 1B-3(e) of the Uniform Contribution among Tort-Feasors Act provides:

> "The recovery of judgment against one tort-feasor for the injury or wrongful death does not of itself discharge the other tort-feasors from liability to the claimant. The *satisfaction of the judgment* discharges the other tort-feasors from liability to the claimant for the same injury or wrongful death, but does not impair any right of contribution." (Emphasis added.)

The question for decision on appeal, therefore, is whether there was a valid judgment as to the defendants Hunter, accepted by the plaintiff and "satisfied" within the meaning of the statute. We hold that there was not.

Whether we view the instrument submitted by the defendants Hunter, and the subsequent clerical entries, as a "Confession of Judgment," "Offer of Judgment" or "Consent Judgment" under the statutes in effect at the time, or merely as an attempted compromise or settlement, the result is the same: It was in the nature of an *offer* by the defendants Hunter to the plaintiff to settle her claim for a lesser amount than was claimed to be due and could not bind the minor plaintiff unless accepted on her behalf by someone authorized and empowered by law to do so. See 2 McIntosh, N. C. Practice 2d, § 1684, wherein it is stated:

> "A *confession of judgment without action* is a consent judgment . . . . * * * The judgment depends upon the consent of the parties, and the court gives effect to it as the agreement of the parties. It would not be valid unless the parties consented, nor could it affect one who was not a party. Since its validity is based upon the contract of the parties, there must be the authority and capacity to contract. *In the case of infant parties, the next friend, guardian ad litem or guardian cannot consent to a judgment or compromise without the investigation and approval by the court.*" (Emphasis added.)

See also *The Lessee of Livingston, et al v. Moore, et al*, 7 Pet. (32 U.S.) 469, 8 L. Ed. 751 (1833) and 5 Strong, N. C. Index 2d, Judgments, § 8.

In the present case the record does not indicate that the "Confession of Judgment" by the defendants Hunter was pre-

Ballard v. Hunter

sented to a judge of the superior court for approval, nor does an investigation or approval appear. It does appear that the minor plaintiff's attorney petitioned the court for and was granted an award of counsel fees from the amount deposited by the defendants Hunter and that the balance of the amount deposited, less certain costs, was paid to the minor's duly appointed guardian. Nevertheless, such transactions were improper, and the "Confession of Judgment" and subsequent clerical entries were ineffective to bind the minor plaintiff in the absence of the requisite investigation and approval by the court.

[2, 3]  The provisions of G.S. 1-248 in effect at the time and under which the assistant clerk of the Superior Court of Mecklenburg County purported to act on 8 December 1969 did not authorize him to enter a judgment herein. The subsequent petition of plaintiff's attorney and her next friend for "attorney fees," the order of Judge Copeland awarding such fees, and the guardian's receipt of the balance of the money deposited by the Hunters in the clerk's office could not and did not ratify and give validity to the purported judgment. A judgment or compromise settlement negotiated by a next friend or guardian without the investigation and approval of the court is invalid. *Trust Company v. Buchan,* 256 N.C. 142, 123 S.E. 2d 489 (1962); *Johnston County v. Ellis,* 226 N.C. 268, 38 S.E. 2d 31 (1946); *Butler v. Winston,* 223 N.C. 421, 27 S.E. 2d 124 (1943); *Ferrell v. Broadway,* 126 N.C. 258, 35 S.E. 467 (1900); *Hagins v. Phipps,* 1 N.C. App. 63, 159 S.E. 2d 601 (1968) and 4 Strong, N. C. Index 2d, Infants, § 5.

We do not deem it necessary to reiterate at length the familiar doctrine in this State that the courts are vigilant in the protection of the interest of infants.

In *Oates v. Texas Company,* 203 N.C. 474, 166 S.E. 317 (1932), the Supreme Court upheld the validity of a prior judgment in favor of a minor plaintiff specifically on the grounds that "(h)ere the judgment recites an investigation by the trial court and a finding that the settlement was just and reasonable." There is no such recital or finding in the present case. Due to the absence in the record on appeal of anything to disclose an "investigation and approval by the court," the purported judgment in favor of the minor plaintiff, Sandra Ballard, is a nullity and its purported "cancellation" by her guardian is of no effect. Where the prior judgment is invalid, there can be no effective

"satisfaction" of it within the meaning of G.S. 1B-3(e). Therefore, the trial judge committed error when he entered judgment in favor of the defendants Wilson, granting their motion for summary judgment on the grounds that the action against them was barred under the provisions of G.S. 1B-3(e).

Reversed.

Judges HEDRICK and GRAHAM concur.