Heather Lee WADE, b/n/f Helen Paulette Wade, Appellants,

v.

Jeffrey D. BAYBARZ, Appellee.

and

Heather Lee WADE, b/n/f Helen Paulette Wade, Appellants,

v.

Sherry S. LAY, Appellee.

Court of Appeals of Tennessee, Eastern Section.

May 4, 1983.

Application for Permission to Appeal Denied by Supreme Court July 25, 1983.

---

Harry Wiersema, Jr., Knoxville, for appellants.

William A. Simms, Knoxville, for appellee Jeffrey D. Baybarz.

Warren L. Gooch, Knoxville, for appellee Sherry S. Lay.

Howard H. Vogel, Knoxville, for Royal Globe Ins. Co.

## OPINION

GODDARD, Judge.

The principal issue raised in these related cases is whether a compromise settlement of a minor's personal injury claim which is approved by a court and satisfied by one joint tort-feasor bars a subsequent suit by the minor against another joint tort-feasor.

The compromise settlement was made with the host driver, Sherry S. Lay, and thereafter suit was filed against the driver of the other vehicle involved, Jeffrey D. Baybarz.[1] When Mr. Baybarz pleaded the settlement as a bar, a Rule 60 motion was then filed in the *Lay* case, seeking to amend the order to specifically provide that a cause of action would be retained against Mr. Baybarz. The Trial Court overruled the Rule 60 motion in the *Lay* case and granted a motion for summary judgment in the *Baybarz* case. The minor appeals both cases, although the issues raised are only directed to the *Baybarz* case.

The Trial Court construed T.C.A. 29–11–104(e), hereinafter set out, as precluding this action:

> *29–11–104. Enforcement of contribution—Procedure—Limitation.*
>
> . . . .
>
> (e) The recovery of a judgment for an injury or wrongful death against one tort-feasor does not of itself discharge the other tort-feasors from liability for the injury or wrongful death unless the judgment is satisfied. The satisfaction of the judgment does not impair any right of contribution.

In this we think he was mistaken. The statute, in our view, contemplates an adversary proceeding, not a compromise settlement. We reach this conclusion from the use of the words "recovery of judgment." We believe it was the legislative intent that recovery in the context used

---

1. Royal Globe Insurance Company, uninsured motorist carrier for John Wade (who we assume is the father of Heather), was made a party defendant pursuant to T.C.A. 56–7–1206.

means "to be successful in a suit to collect or obtain an amount, to obtain a favorable or final judgment, to obtain in any legal matter in contrast to voluntary payment." (Quoted language definition of "recover." Black's Law Dictionary, Revised 4th Ed.)

Moreover, the joint petition filed in the *Lay* case pursuant to T.C.A. 34–1102 prayed that the Court approve and confirm the compromise settlement. It is true the order of the Court, after approving and confirming the settlement, states that it is "made the judgment of this Court." However, we do not conceive this to be a recovery of judgment, notwithstanding the language of T.C.A. 34–1103, which speaks of the status of judgments under Chapter 11, Title 34, Tennessee Code Annotated, dealing with compromise of claims of infants and incompetents, and Rule 54.01 of the Tennessee Rules of Civil Procedure, which defines judgment.

We think our construction particularly compelling when we remember that to hold otherwise would favor an adult who all parties concede would be free to negotiate an out of court settlement of a claim and pursue a joint tort-feasor but preclude a minor, whose interest the courts take pains to protect, from doing so.

In reaching the foregoing conclusion we have considered *Maddox v. Druid City Hospital Board*, 357 So.2d 974 (Ala.1978), wherein the Supreme Court of Alabama, in applying the common law rule which counsel for Mr. Baybarz represents to be the same as our statutory rule, reached an opposite result. Apparently Alabama does not have an equivalent of our statute regarding settlements of minors and incompetents, and in that case the judgment which was satisfied provided that the minor was entitled to recover $4500 from the defendant.

We have also examined *Ballard v. Hunter*, 12 N.C.App. 613, 184 S.E.2d 423 (1971), a case from North Carolina which has adopted the Uniform Contribution Among Tort-Feasors Act. The section in question from the North Carolina statute is practically identical to subsection (e) above quoted. In that case the Court of Appeals of North Carolina found that because the settlement had not been approved by the Trial Court it was unavailing as a defense in a suit against a joint tort-feasor. We concede that the clear implication of this case is that had the Trial Court approved the settlement the defense would be tenable.

After considering the foregoing persuasive authority we remain unpersuaded and do not choose to follow it.

For the foregoing reasons the case of *Wade v. Lay* is affirmed and that of *Wade v. Baybarz* reversed. Both cases are remanded—*Lay* for collection of costs below and *Baybarz* for trial on the merits. The costs of appeal in *Lay* are assessed to the Appellants and their surety, and in *Baybarz* to Mr. Baybarz.

PARROTT, P.J., and FRANKS, J., concur.